UTICA,
Aug. 1826.

Dickey
v.
Grant.

---

## DICKEY *against* GRANT and OTHERS.

An order
was directed
by a merchant
at *Boston* to
merchants at
*Leghorn*, for
5 cases of
*Leghorn* hats,
without any
directions as
to the manner
of packing or
securing them.
The *Leghorn*
merchants, in
executing this
order, shipped
the hats for
*Boston* in a
vessel which
they knew
was to touch
at *Palermo* for
a cargo of or-
anges and lem-
ons; and yet
neglected to
secure the hats
in the usual
and customary
manner; by
reason where-
of, they being
placed in the
hold on the
boxes of fruit,
were much in-
jured, and sold
at auction for

THIS was an action to recover damages, for the injury
to, or loss sustained on 5 cases of *Leghorn* hats, shipped
by order, and for account of the plaintiff by the defend-
ants, resident merchants at *Leghorn*, on board of the
schooner *Penguin*, bound from *Leghorn* to *Palermo*, in
the island of *Sicily*; and thence to *Boston*.

The cause was tried at the *New-York* circuit, *July* 17th,
1824, before BETTS, C. Judge; when a verdict was found
for the plaintiff for $3277,24 damages.

*G. Brinckerhoff*, now moved for a new trial.

*T. J. Oakley*, contra.

The facts are sufficiently stated in the opinion of the
court, which was delivered by

WOODWORTH, J. The question arising in this case is,
whether the defendants are liable on the ground of negli-
gence, for a loss sustained on five cases of *Leghorn* hats?
The defendants are merchants residing at *Leghorn*. On
the 8th of *December*, 1817, the plaintiff sent an order for
the hats, requesting to have them sent with the least pos-
sible delay, to be here early in the spring; and if all were
not ready when an opportunity offered, to divide the ship-

less than the invoice price; *held*, that the *Leghorn* merchants, having undertaken to exe-
cute the order, were bound to do so in the customary manner; and not having done so, by
reason whereof the purchaser sustained an injury, they were liable to him in an action for
the damage.

ment.   Five cases were shipped in *March*, 1818, on board a vessel for *Boston*, to touch at *Palermo*, to take in a cargo of oranges and lemons, which was known to the defendants.   The fruit was taken in at *Palermo ;* and the cases containing the hats placed in the hold on the boxes of fruit, without any precautions taken to prevent injury from the heat and steam proceeding from them.   This the plaintiff contends might have been prevented, had the cases been secured when put on board, according to the usual practice and custom in such cases.   The goods were afterwards sold at auction, for considerable less than the invoice price.

From the instructions given, it is plain that the plaintiff trusted to the care and diligence of the defendants only ; for although the order speaks of *Benini*, it has no reference to the manner of securing the goods when shipped ; nor is it a direction to the defendants to employ him.   But on the supposition that the defendants would employ him, the plaintiff wished him to understand, that future orders going to him would depend on his executing this with care.

The judge stated to the jury, that the defendants, having undertaken to execute the order, were bound to do it in the usual manner ; and if there was an established custom relative to the manner of packing, or preparing such articles for shipment, the defendants were bound to conform to it.   He farther stated, that it did appear there was an established usage or custom in packing, or securing *Leghorn* hats ; which was, to put them in boxes, to cover the box with a tarred or waxed linnen cloth, over that to put hay or straw, and then a coarse covering or wrapper over the whole.   That if the defendants had varied from that manner of packing, without the plaintiff's original directions, or subsequent ratification, they would be liable for the damage.   And he submitted to the jury, to determine whether the hats were secured according to the usage.   The judge also expressed an opinion that the plaintiff had done no act, which, in judgment of law, would amount to a ratification.

I am inclined to think the charge was substantially correct.

In the instructions to ship the hats, no directions are given as to the manner of securing them. An earnest desire is expressed to forward them as early as practicable. But the duty of exercising proper care and diligence, necessarily devolved on the defendants. The plaintiff had no other agents. There is evidently no subsequent ratification of the defendants' acts by the plaintiff. It is true, that in one of the plaintiff's letters, he speaks of the liability of the underwriters. He entertained an erroneous opinion on this subject. But because he did so, it affords no ground to exonerate the defendants, if they are otherwise liable. There was no ratification subsequently; and consequently the question of negligence is alone presented.

Without analysing the testimony, I think it well established, that there was a general usage to pack and secure articles of this description, in a particular manner, which was not pursued in this instance. The practice appears to have been as stated by the judge to the jury. The defendants, in their letters to *Langdon*, seem to admit this to have been the manner of packing; but which had been departed from in several instances on the ground of economy, and at the suggestion of supercargoes. The articles shipped were of a delicate texture, and easily injured. The defendants had no authority to relax, or depart from the course which prudent caution had pointed out, and experience sanctioned as necessary. The reasons were peculiarly strong in this case. The defendants knew that a cargo of fruit was to be taken in at *Palermo;* and ought to have anticipated the increased risk on that account. The steam and vapor arising from decayed fruit, stained the hats. They became mouldy and deteriorated in value. If the cases had been secured in the usual manner, the witnesses are of opinion the loss would not have happened.

On the whole, I consider this a case of culpable negligence. The verdict is not against the weight of evidence; and the motion for a new trial must be denied.

New trial denied.