G. W. Hardy et al. *vs.* Timothy R. Thomas, Administrator.

It is a settled principle of law, that where an action founded upon tort, such as assault and battery, trover, &c., is brought against several defendants, though they all join in the same plea and be found jointly guilty, yet the plaintiff may after verdict enter a *nolle prosequi* as to some of them, and take judgment against the rest. *Held*, that there was no error in the court below, in permitting a *nolle prosequi* as to C., and giving judgment against the other two defendants.

It is a principle laid down in some of the elementary works, that an *executor de son tort* in an action of trover against him, by the rightful administrator, cannot plead payment of debts, &c. to the value, &c., or that he hath given the goods in satisfaction of debts due from the estate, yet that he may, upon the general issue pleaded, recover such payments in damages, and if they amount to the full value, he may nonsuit the plaintiff.

The rule is also laid down, that in trover by a rightful administrator against an *executor de son tort*, he could not give in evidence in mitigation of damages payments of debts to the value of goods still in his possession, but only such as were sold. Nor could he retain them in satisfaction of his own debt, because he will not be permitted to profit by his own tortious acts.

Hardy et al. *v.* Thomas.

*Held,* that the defendant below, being still in possession of the goods, and having not parted with them in payment of debts, he could not therefore prevent a recovery by showing payment of debts to their value.

All an *executor de son tort* can ask, is the proving an account against the estate of deceased for the sums he has paid out, and demand payment from the administrator, rating with the other creditors.

In error from the circuit court of Monroe county ; Hon. F. M. Rogers, judge.

The facts of the case are sufficiently stated in the opinion of the court.

*R. Davis,* for appellants.

*Lindsey & Copp,* for appellee.

Mr. Justice YERGER delivered the opinion of the court.

The defendant in error sued Carraway, Hardy, and Williams in an action of trover for two slaves, which had belonged to John Hill, deceased, in his lifetime, and upon whose estate defendant in error had administered. The proof very clearly showed a trover and conversion of the goods by Hardy and Williams, after the death of Hill, but there was no proof to charge Carraway. The jury found a verdict against all the defendants. A motion was made for a new trial, which the court would have granted, but that the plaintiff agreed to enter and did enter a *nolle prosequi* as to Carraway. On the trial the defendant, Hardy, proved that he had paid debts to a considerable amount against the estate of Hill, after the trover and conversion by him, he having been sued as *executor de son tort* of Hill, and compromised the suits with the parties, and he asked the court below to charge the jury that he was entitled to have such payments. allowed in mitigation of damages. This the court refused. Two errors are assigned in this court, as having been committed by the circuit judge. First, in permitting the plaintiff to dismiss as to Carraway, and rendering judgment against the other two defendants. Second, in refusing to give the charge above referred to, asked for by defendants. In relation to the first point, we

46*

find the rule of law laid down in 1 Saunders' Rep. 207, and we fully concur in the opinion there expressed, " that where any action founded upon a *tort*, such as assault and battery, false imprisonment, trover, and the like, is brought against several defendants, though they all join in the same plea, and be found jointly guilty, yet the plaintiff may after verdict enter a *nolle prosequi* as to some of them, and take his judgment against the rest." We do not think, therefore, that there was error in permitting a *nolle prosequi* as to Carraway, and giving judgment against the other two defendants.

In regard to the second point, we will remark, that it is true, it is laid down in some of the elementary writers, that an *executor de son tort*, in an action of trover brought against him by the rightful administrator, cannot plead payment of debts, &c. to the value, &c., or that he hath given the goods in satisfaction of the debts, &c., yet that he may, upon the general issue pleaded, recover such payments in damages, and if they amount to the full value, he may nonsuit the plaintiff. Buller's Nisi Prius, 48. But the rule is also laid down, that in trover by a rightful administrator against an *executor de son tort*, he could not give in evidence, in mitigation of damages, payment of debts to the value of the goods still in his possession, but only such as were sold. Buller's Nisi Prius, 48; Lomax on Ex. 363, 364. Nor could he retain in satisfaction of his own debt, because he would not be permitted to profit by his own tortious acts. Lomax on Ex. 365. The proof in this case showed, that the defendant was still in possession of the goods, and had not parted with them in payment of debts; and he could not, therefore, prevent a recovery by showing payment of debts to their value, upon the most favorable rule before laid down. But it may well be questioned whether under our statute, prohibiting administrators to sell without an order of the probate court, and declaring a sale void without such an order, an *executor de son tort* could give in evidence in mitigation of damages, the fact that he had sold the goods in payment of debts. At common law, an administrator or executor might sell goods at private sale; and hence it was held, if the rightful administrator brought

Hardy et al. *v.* Thomas.

trover against the *executor de son tort*, he thereby admitted his possession of the goods to be lawful, and if the *executor de son tort* showed a sale of the goods in payment of debts, that was a distribution of them in accordance with the law, and negatived a conversion. But it would seem where a sale even by a rightful administrator of this kind would be void, a sale by an *executor de son tort* could not be otherwise than illegal and void; and, therefore, would amount to a conversion.

Any other rule than this would enable an *executor de son tort* to convert the whole estate to the payment of a single creditor, and in case the estate proved insolvent, would enable such creditor to obtain payment of his debt to the exclusion of all other creditors. The impolicy of such a rule is manifest. If a party see fit, without authority of law, to intermeddle with an estate, to pay debts, and sell property for that purpose, all he can rightfully ask is the privilege of proving a claim against the estate for the sums so paid, and demanding payment from the administrator rateably with the other creditors. We do not think, therefore, the court erred in refusing the instruction on this point.

Let the judgment be affirmed.