## O'SHEA a. KIRKER.

*New York Superior Court; General Term, January,* 1859.

JOINT LIABILITY.—JUDGMENT.—REFERENCE.—APPEAL.

When several persons are united as defendants in an an action for a wrong, and it is alleged and proved that all jointly did the wrong complained of, the damages cannot be severed, so as to be apportioned according to their respective degrees of guilt; but the plaintiff is entitled to a judgment against all, for the amount of damage which he proves he has sustained.

Where the jury, the court, or the referee sever the damages, the plaintiff may enter judgment against all the defendants for the largest amount found against any of them, and the entry of a *remittitur* as to the other amounts is a matter of form. The entry of the one judgment for the larger amount is in itself an election to remit the others; and the judgment should not be reversed because there is no formal *remittitur*.

Where, on appeal from a judgment entered on the report of a referee, no attempt
is made by either party to question the accuracy of the referee's conclusions of
fact, the court, no matter which party may have taken the appeal, should
direct such a judgment as the law pronounces upon the facts thus found.

Two defendants were sued together as having jointly committed a tort, and on
the trial it was proved, by competent and sufficient evidence, that they jointly
did the wrong, and that the plaintiff had been damaged to the amount of $600.
The referee before whom the cause was tried, severed the damages, assessing
them at $150 against one defendant, and $600 against the other.  On his report,
the plaintiff entered judgment against both for $600, without any formal *re-
mittitur* as to the lesser amount.

   *Held,* on appeal from the judgment, that the severing of the damages was
rightly disregarded in entering the judgment, and that the judgment so entered
was correct, and should be affirmed, with leave to the plaintiff to modify its
form (if so advised), so as to state that he elected to remit the lesser sum, and
take judgment against both for the larger sum.

Appeal from a judgment entered on the report of a referee.

The action was brought by P. O'Shea against two defendants,
J. B. Kirker and J. G. Shea, for libel.  The cause was referred,
and the referee found, as matters of fact on the issues tried be-
fore him—

That the defendant John G. Shea wrote and caused to be
published the alleged libellous matter set forth in the complaint;
that the said John G. Shea was, at the time of the publication
mentioned, in the employment of the defendant Kirker, who
was then carrying on business in the city of New York, as a
bookseller, under the name of Edward Dunigan & Brother;
that the said Kirker saw the circular to which said libellous
matter was attached after it was printed, and to which circular
the name of " Edward Dunigan & Brother" was affixed, and
knew of its being issued and circulated, and the same was issued
and circulated from the business establishment of said Kirker.
He also found, " as matter of law, that the defendant Kirker
did publish the alleged libellous matter."

After further stating the facts found on the question of justifi-
cation, he found that the libel was wantonly and unjustifiably
made and published by the defendants, and concluded his report
as follows :

" As a conclusion of law, on the facts of the case, the referee
finds that the plaintiff is entitled to recover damages against the
defendants, for an unjustified libel.

O'Shea *a*. Kirker.

"The referee severs the damages, as the defendant Kirker appears to have taken little part in the libel, and is chiefly censurable for allowing the charges against the plaintiff to go forth attached to a circular, under the name of his firm, while the defendant John G. Shea, wrote and personally caused to be circulated, the alleged libellous matter.

"The referee finds that the plaintiff has sustained damages from the defendant Kirker, to the amount of one hundred and fifty dollars, and damages from the defendant John G. Shea, to the amount of six hundred dollars.

"The referee, therefore, decides and reports that the plaintiff, Patrick O'Shea, do recover judgment against the defendant James B. Kirker, for one hundred and fifty dollars, and that he do recover judgment against the defendant John G. Shea, for six hundred dollars."

Upon this report the plaintiff entered judgment against both defendants for $600.

The defendants now appealed.

*James T. Brady*, for the appellants.

*Wm. Fullerton*, for the respondent.

By THE COURT.*—BOSWORTH, Ch. J.—The learned referee before whom this action was tried, and by whom it was decided, found as a fact, "that the alleged libellous matter was wantonly and unjustifiably made and published by the defendants," and held, "as a conclusion of law on the facts of the case," that the plaintiff is entitled to recover damages against the defendants for an unjustifiable libel.

He further states in his report, that he severs "the damages, as the defendant Kirker appears to have taken little part in the libel, and is chiefly censurable for allowing the charge against the plaintiff to go forth attached to a circular under the name of his firm, while the defendant John G. Shea wrote and personally caused to be circulated this libellous matter."

He further found, that Kirker damaged the plaintiff to the amount of $150, and Shea to the amount of $600, and decided

---

* Present, BOSWORTH, Ch. J., HOFFMAN and MONCRIEF, JJ.

that the plaintiff should have judgment against the former for $150, and against the latter for $600.

If the two, jointly, did the *wrong*, and if the amount of resulting damage is correctly found, then that wrong damaged the plaintiff to the amount, at least, of $600.

Each defendant, in judgment of law, is liable for the whole of such damage, and one is as absolutely liable to the plaintiff for the whole damage as the other. (Bohun *a.* Taylor, 6 *Cow.*, 313 ; Knickerbacker *a.* Colver, 8 *Cow.*, 111.)

When several persons are united as defendants, in an action of tort, alleged to be their joint tort, and it is established that all jointly did the wrong complained of, the damages cannot be severed. The plaintiff in such a case is entitled to a judgment against all jointly, for the whole amount of damages which it is proved that such wrong caused him.

When a jury or referee, on such a state of facts, attempts to sever the damages, and finds that one sum should be paid by one defendant, and a different sum by another, they constitute themselves into a *quasi* Court of Chancery, with no rules to guide them in apportioning damages, except such as seem to them " equitable" in the particular case, and override the stern rule of the common law, that each defendant is liable for the whole damage. And they seem to forget for the moment that a plaintiff can have but one satisfaction, and that settling with one of such wrong-doers, or collecting from one of them the amount assessed against him separately, discharges all.

I think it just to say they seem to forget this rule, because in such cases it is fair to presume they intend that each defendant shall pay the damages assessed against him. In the case before us, it is quite evident the referee intended, so far as his action might affect that question, that the plaintiff should recover $750, viz., $150 of Kirker, and $600 of John G. Shea.

On the facts found by the referee, the plaintiff was entitled to a judgment against both defendants for $600, unless the referee's erroneous severance of the damages, and the provisions of the Code as to the form and nature of a judgment to be entered on the report of a referee to whom the whole issue has been referred, have deprived him of that right.

If the cause had been tried by a jury, and they had found the facts which the referee has found, and had then severed the

damages, assessing them as the referee has done, the plaintiff could take judgment against both defendants for $600.

At all events, we should hardly be justified in holding to the contrary, against the decision of Halsey *et al. a.* Woodruff (9 *Pick. R.*, 555), and the terms of decided approbation in which that decision is spoken of in Beal *a.* Finch (1 *Kern. R.*, 135, 136; *Ib.*, 141, 142).

See also Dean *a.* Thornton and Dutton (3 *Kern. R.*, 266); Bloodyett *a.* Morris (14 *N. Y. R.*, 482); Bulkley *a.* Smith *et al.*, (1 *Duer's R.*, 643).

In Hill *et al. a.* Goodchild (5 *Bur. R.*, 2790), (in an action against two for an assault and battery), "Lord Mansfield observed that the present question is, whether, upon a charge of a joint trespass, the jury can assess damages according to different degrees of guilt, though the real justice is, that the damages should be respectively assessed in proportion to the real injury done by each defendant." On delivering, subsequently, the opinion of the court, he said: "And the present case is, that the count is of a joint trespass, and the jury have found the defendants guilty of a joint trespass, and yet have severed the damages. We are of opinion that in *such* case the damages *cannot be severed.* The consequence is, that the judgment must be reversed." If that decision declares the law correctly, a judgment entered upon the report of a referee, against each defendant for the amount assessed against him, would be erroneous, and for that cause alone would be reversed.

In Mitchell *a.* Milbank *et al.* (6 *Term. R.*, 199), Lord Kenyon, Ch. J., declared, "that to enter several judgments against the defendants (who were found guilty of a joint trespass), on separate and several assessments of damages against them, would be erroneous."

We have not been referred to any adjudication by which a contrary rule has been applied. In some cases, when the jury have severed the damages, the plaintiff has entered a *nolle prosequi* against all the defendants but one, and taken a judgment against that one only, and that was held to be regular, and to have cured the verdict; as in Rodney *a.* Strode (*Cart. R.*, 19); Holley *a.* Mix and Clute (3 *Wend.*, 350); and see 1 *Sandf.*, 207, note 2.

The decision in Halsey *et al. a.* Woodruff (9 *Pick.*, 555),

seems to us but an application of the rules, that each is liable for the whole damage, and that there can be but one judgment against those united as defendants in the same action, and proved to be guilty of a *joint tort*. It follows logically, that judgment must go against all for the amount of damage established as the result of such joint tort. In that case the plaintiff entered a *remittitur* as to the lesser amount of damages. The same practice was pursued in Bulkley a. Smith and Keteltas (2 *Duer*, 267; S. C., 1 *Ib.*, 643).

As the judgment was reversed upon the grounds which did not involve a decision of the question, whether such a judgment was regular and free from error, that question was not passed upon. Mr. Justice Duer intimated very distinctly, that, " as at present advised, if the conflict of authorities is such as to allow a liberty of choice, we certainly should refuse to follow the doctrine, that a plaintiff, in such a case, may enter his judgment against all the defendants for the largest damages that are given." (*Ib.*, 271.)

We must concede it to be well settled, that the plaintiff in such a case is entitled to a judgment against all for the amount of damage which he proves he has sustained from their joint tort, and that damages cannot be assessed against the defendants severally, according to their different degrees of guilt.

When, under a misapprehension of the rule forbidding a severance of the damage, the jury have in fact severed them, it is the right of the plaintiff to remit the lesser sum or sums, and take judgment against all for the larger sum. The party, by entering such *remittitur*, does not deprive either defendant of any substantial right. The issues have been tried in the presence of each defendant, in an action to which he was a party, and upon such evidence as he chose to offer, and the actual damages caused by the joint tort, of himself and his co-defendants, have been correctly found upon the evidence, and under an accurate application of the rules of law to the case. The judgment which follows as a necessary consequence, is declared by law. That judgment is a joint one against all for the damage caused by their joint tort.

The entry of a *remittitur* is a matter of form : the entry of a joint judgment against all for the larger sum (the amount of the actual damage), and for that only, is, *per se*, an election to take

judgment against all and for that sum only, and effectually remits all claim to the lesser sum, in addition to that for which the judgment is entered.

The judgment should not be reversed merely because there is no formal entry on the record of a *remittitur* of the lesser sum. (2 *Rev Stats.*, 425, § 7, subdiv. 13, 14; *Code*, § 176; Bate *a.* Graham, 1 *Kern. R.*, 237.)

We therefore think it quite clear, that if this action had been tried by a jury, and they had severed the damages as the referee has done, and a judgment like the one before us had then been entered, it could not be reversed on the mere ground that it had been entered against all for the larger sum.

Section 274 of the Code has not changed the rule, as to the *liability* of each or either of several defendants proved to have committed a tort jointly, nor does it introduce any new rule, by which to determine when a several judgment against one of several defendants may properly be entered. So far as those questions are concerned, the Code leaves them to be determined by pre-existing law.

We cannot accede to the proposition, that this section authorizes a severance of damages and several judgments, when all the defendants are proved at the trial to have committed *jointly* the tort complained of, and charged to be their joint act.

Do the provisions of the Code as to the trial of actions by referees, and as to the judgment to be entered upon their report, make it necessary that a new trial should be ordered on such a state of facts as this case presents, or preclude the plaintiff from entering a judgment against all for the larger sum?

Referees are required " to state the facts found and the conclusions of law separately." " The report of the referees upon the whole issue shall stand as the decision of the court, and judgment may be entered thereupon in the same manner as if the action had been tried by the court." (*Code*, § 272.)

" Upon a trial of a question of fact by the court, its decision shall be given in writing, and filed with the clerk within twenty days after the court, at which the trial took place, judgment upon the decision shall be entered accordingly." (*Code*, § 267.) " Accordingly in this connection, means, probably, ' according to such decision.' "

The referee found that the defendants jointly committed the

tort charged in the complaint as their joint act, and that the plaintiff had been damaged thereby to the amount of $600. (There is no question made that the damages have been assessed at too large an amount.) Had the report stopped here, there can be no doubt that a single judgment against both for $600 damages would have been a regular, and the appropriate judgment on such a state of fact, and that no other could have been entered.

That part of the report which severs the damages is irregular, and is outside of, and beyond the full and correct performance by the referee of his whole duty as such referee. That part of the report which is to the effect, that judgment be entered against Kirker for $150, and against Shea for $600, is in conflict with that part which finds as a fact, "that the alleged libellous matter was wantonly and unjustifiably made and published by the *defendants*," and declares, "as a conclusion of law on the facts of the case," that the plaintiff is entitled to recover damages against the defendants for an unjustifiable libel, so made and published by them.

The proper judgment on such a state of facts, and under such a rule of law, is a joint and single judgment against the two for the amount of damage caused by such joint act.

Overruling the decision of the referee, that there shall be a judgment against each for the amount assessed against him, and holding that a single judgment against the two for the larger sum should be affirmed, is but pronouncing a judgment in accordance with the facts as found.

When no attempt is made by either party to question the accuracy of the referee's conclusions of fact, the court on appeal from the judgment, by whichever party the appeal may be taken, should direct such a judgment as the law pronounces upon the facts thus found.

In this case, if a judgment had been entered by the clerk on the report of the referee being filed, and in the terms of the report, and exceptions to the decision of the referee had been duly filed, and if the plaintiff had appealed from such judgment, the court would be required (the accuracy of the decision of the allegations of fact been unquestioned) to order such a judgment as has been entered. But the judgment is now regularly before the court on an appeal from it, and the duty of the

O'Shea *a.* Kirker.

appellate court is the same, whoever may be the party appealing. Such a judgment should be given by the appellate court as the facts specially found require.

The severing of the damages, like the severance of damages by a jury, may be regarded as an *irregularity not affecting any substantial rights.* And all directions based on such irregularity may be corrected, and judgment given according to the justice and law of the case. A correct judgment has been entered. If any irregularity, " error, or defect, in the pleadings or proceedings" has occurred in the progress of the trial up to, or in entering the judgment, " which shall not affect the substantial rights" of either defendant, the court is required by section 176 to disregard it, and prohibited from reversing the judgment by reason thereof.

The questions presented by this appeal may be briefly stated thus :

These defendants have been sued together, and are charged with having jointly committed a tort. On a trial of the issues joined in the action between them and the plaintiff, it has been proved that they jointly did the wrong, and that the plaintiff has been damaged thereby to the amount of $600. These facts have been established by *competent and sufficient evidence :* judgment has been entered against both defendants for $600 : this is the proper judgment. Do the facts that the referee severed the damages, assessing them at $150 against one defendant, and at $600 against the other, and deciding that judgment should be entered accordingly, require a reversal of the judgment that has been entered ? Or shall such severance of damages, and the decision founded on it, be disregarded, and the judgment, which is right in itself, and according to law, be affirmed ?

We are of opinion that it should be affirmed. We therefore order an affirmance, giving liberty to the plaintiff to modify the form of the judgment (if so advised), so as to state that he elected to remit the lesser sum, and take judgment against both for the larger sum, and to enter a judgment, that the judgment appealed from be thus modified, and that as thus modified, it be in all things affirmed.

HOFFMAN, J.—Dissented.