[No. 6,407.]
## McCOOL *v.* MAHONEY ET AL.

Joint Tort — Damages — Malicious Prosecution — Verdict — Judgment.— In an action for malicious arrest and prosecution, the verdict was: "We, the jury in the above entitled action, find for the plaintiff, against Mahoney $3,000, and against Small $500"; and judgment was entered accordingly. Held, that, the action being for a wrong in which both defendants joined, the damages could not be severed; and judgment reversed, and a new trial ordered.

Id.—Dismissal of Action—Release.—*Query:* A motion of the respondent to vacate the judgment, and to dismiss the action as to the defendant Small, denied by the Court—the Court being of the opinion, that it was not clear but that it would operate as a discharge of both defendants, and that it was fairer to both parties to deny the application.

Appeal from a judgment in favor of plaintiff, and an order denying a new trial, in the District Court of the Twelfth Judicial District, in and for the City and County of San Francisco. Daingerfield, J.

The facts are stated in the opinion.

*Frederick Hall,* and *John W. Burnett,* for Appellants.

In an action against several defendants for a joint trespass, the plaintiff is entitled to a joint verdict, and the damages cannot be severed and apportioned among the several defendants. (*Layman* v. *Hendrix,* 1 Ala. 212; *Allen* v. *Craig,* 1 Green. 294; 489 Marsh. 267.)

*B. S. Brooks,* for Respondent.

If the rule is, that in an action of tort against several defendants who have taken different parts in the transaction, "the measure of damages ought to be the same which ought to be

awarded against the most guilty of the defendants," then the result would be, that we ought to have judgment against Small for the *meliora damna*.    But *he* cannot complain that our judgment or verdict against him is less than it should be.    Nor is it a matter that concerns Mahoney.    (2 Greenleaf Ev. § 277; *Harrill* v. *Stringfield*, 1 Morr. [Iowa] 18; *Bates* v. *Schoonover*, 43 Ill. 494.)    If it is an error, it is an immaterial error. (Code Civ. Proc. § 475.)    There is no such reason for such a rule, and the Court of Queen's Bench questioned whether there was any such rule.    (*Gregory* v. *Cotterel*, 18 Eng. L. & E. 99–105.)    In that case, one judgment was rendered against the Sheriff and another.    The Court held the damages not excessive as to the Sheriff, and refused him a new trial; but that the damages were excessive as to the other, and granted him a rule to show cause why there should not be a new trial granted as to him *on this ground only*.

Suppose the defendants here had been tried separately.    "In an action for assault, two defendants pleaded severally at different times.    The two issues were tried separately *at the same term*.    In the first, the jury gave £200; in the second, £50, and the other made default.    Judgment was rendered against *all* for the £200."    (*Sir John Hayden's Case*, 11 Coke, 6.)

Department No. 1, Ross, J. :

Plaintiff sued defendants, jointly, for malicious arrest and prosecution.    The defendants answered separately.    The cause was tried with a jury, and this verdict was returned : "We, the jury in the above-entitled action, find for plaintiff, against Mahoney $3,000, and against Small $500."    Judgment was thereupon rendered that plaintiff recover of Mahoney $3,000, of Small $500, and of Mahoney and Small $282.75 costs of suit. The defendants made a motion for a new trial, which was denied, and appealed from the judgment and the order denying them a new trial.

After the argument of the cause here, the plaintiff asked leave to enter a *nolle prosequi* as to Small, and to consent that *as to him* the judgment be vacated and the suit dismissed.    If this motion should be allowed, it is not at all clear—in view of

the nature of the action and the peculiar form of the judgment —but that it would operate a discharge of both defendants (*Minor* v. *Mechanics' Bank*, 1 Peters, 87); and we think it fairer to all of the parties to deny the application, and to determine the cause as presented by the original record.

The judgment as entered is clearly erroneous. The action being for a wrong in which both defendants joined, the damages could not be severed. (*Beal* v. *Finch*, 11 N. Y. 128; *Halsey* v. *Woodruff*, 9 Pick. 555; *O'Shea* v. *Kirker*, 8 Abb. Pr. 69; *Bohun* v. *Taylor*, 6 Cow. 312; *Minor* v. *Mechanics' Bank*, 1 Peters, 74; *Layman* v. *Hendrix*, 1 Ala. 212; *Hardy* v. *Thomas*, 23 Miss. 544; *Riley* v. *McGee*, 1 A. K. Marsh. 321; *Salmons* v. *Smith*, 1 Saund. R. 207, note 2.)

As this view renders it necessary to remand the cause for a new trial, it becomes unnecessary to notice the other points made by counsel for appellants.

Motion to enter *nolle prosequi* as to Small denied, and judgment and order reversed, and cause remanded for a new trial.

McKINSTRY, J., and McKEE, J., concurred.