[No. 6,070.—Department Two.]

## MARIA WOOD v. MARY J. ORFORD ET AL.

UNDERTAKING ON APPEAL—CONSTRUCTION—SURETIES.—A judgment against M. O. and R. O. was, upon appeal, modified by limiting the same to M. O. *Held*, that the judgment of the Supreme Court was an affirmance of a part of the judgment; and that the sureties upon the undertaking on appeal, given to stay execution, were liable.

ID.—JUDGMENT—SERVICE OF NOTICE.—A judgment entered under § 942 of the Code of Civil Procedure, against the sureties upon an undertaking to stay execution, on appeal, recited that due notice had been given; but it appeared from the record that the original notice and affidavit had inadvertently been served on one of the sureties, and a copy, with an affidavit of service explaining the mistake, filed in the Court. *Held*—it not appearing that the defendants were misled by the mistake, or that objection was made in the Court below—that the error was immaterial.

APPEAL from a judgment for the plaintiff, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion.

*George W. Tyler*, for Appellant.

The District Court had power to substitute copies for lost originals; but, without such substitution, a judgment rendered upon copies is irregular and void. (Code Civ. Proc. § 1045; *McLendon* v. *Jones*, 8 Ala. 298; *People* v. *Cazalis*, 27 Cal. 523; *Buckman* v. *Whitney*, 28 id. 557.)

The judgment appealed from was *a joint judgment against Robert and Mary J. Orford;* and was not affirmed, either as a whole or in part.

*J. P. Phelan*, for Respondent.

The original judgment was affirmed in part. (*Seacord* v. *Morgan*, 17 Howard's Pract. R. 394, *et seq.*)

MYRICK, J.:

A suit was brought upon a promissory note executed by the defendant Mary J. Orford, before her marriage. Robert Orford, with whom she intermarried after the making of the note, was joined with her as a defendant, on the theory that a hus-

band is responsible for the debts of his wife contracted before marriage, and the Court below gave judgment against both defendants.  From this judgment, the defendants jointly appealed ; and on their behalf an undertaking on appeal and to stay execution was executed by Heverin and Sweeny, sureties.  On the appeal, this Court reversed the judgment as to the defendant Robert Orford, and affirmed it as to Mary J. Orford.  Upon the going down of the remittitur, the Court below, after notice to Heverin and Sweeny, rendered judgment against them on their undertaking, under § 942, Code of Civil Procedure.

Heverin and Sweeny prosecute this appeal from the judgment against them, and make two points, viz. :

1.  In giving the notice to Heverin and Sweeny, the plaintiff by inadvertence served the original notice and affidavit upon Heverin, instead of a copy.

It does not appear that he was at all misled by the inadvertence; he had notice of the time, place, and object, as well by the original as he could have had by a copy ; and it does not appear from the transcript that he noted the objection in the Court below that he now makes in this Court.

The Court, in its judgment, found that "due and legal written notice" had been served upon said Heverin and Sweeny.  They did not appear in response to the notice.  Subsequently they obtained a stay of execution, and moved the Court to set aside the judgment against them, but upon what ground does not appear.

2.  The judgment having been affirmed as to Mary J. Orford, and reversed as to Robert Orford, the condition of the undertaking given on appeal has not been broken.  The condition being, " that if said judgment appealed from, or any part thereof, be affirmed, or the appeal dismissed, the appellant will pay in gold coin the amount directed to be paid by the judgment or order, or the part of such amount, as to which the same shall be affirmed," etc., it is no affirmance of the judgment or any part thereof if it be affirmed as to one of the defendants only ; to constitute an affirmance, it should have been affirmed, so far as it be affirmed at all, as to both of the defendants.

We do not think that this point is well taken.  Clearly, the judgment was affirmed in part, viz. : as to that part which was

against Mary J. The defendants Orford and Orford jointly took the appeal; the sureties were as much for Mary J. as for Robert Orford; the undertaking was given to stay execution against her as well as against them. If he alone had appealed and given a bond, execution could have issued as to her; but the sureties undertook, on her behalf, that if execution be stayed pending the appeal, she should pay whatever of the judgment should be affirmed on the appeal.

Judgment affirmed.

SHARPSTEIN, J., and MORRISON, C. J., concurred.