[No. 6,932.—Department One.]

## EDITH NICHOLS v. WILLIAM DUNPHY ET AL.

TORT—EXECUTION—JUDGMENT—APPEAL.—The plaintiff recovered judgment against two defendants for damages alleged to have been caused by their negligent act; and upon appeal of one of the defendants the judgment as to him was reversed. *Held,* That the plaintiff was entitled to execution against the other defendant.

ID.—CASE EXPLAINED.—The case of *McCool* v. *Mahony,* 54 Cal. 491, is unlike this.

APPEAL from an order quashing an execution in the Superior Court of Santa Clara County. SPENCER, J., and BELDEN, J.

*J. C. Black,* for Appellant.

The common law rule of the entirety and indivisibility of a cause of action and a judgment was, by our code and the decisions of our Supreme Court, changed and overruled. So radical and absolute has been this change, that a cause of action on a purely joint demand against two or more obligors or defendants, may be prosecuted to judgment, and the judgment may be erroneous as to one of the defendants, from want of proof or any cause, and this fact does not invalidate the judgment as to the other defendants, against whom no error has been committed. (*Bank of Stockton* v. *Howland,* 42 Cal. 131; *Kelly* v. *Bandini,* 50 id. 531; *Lewis* v. *Clarkin,* 18 id. 400; *Claflin* v. *Butterly,* 5 Duer, 327; *People* v. *Frisbie,* 18 Cal. 402; *Tay* v. *Hawley,* 39 id. 95; *Poppe* v. *Athearn,* 42

id. 607; *McCreery* v. *Everding*, 44 id. 285; *Speyer* v. *Ihmels*, 21 id. 288.) The liability of persons joining with one another in the commission of a trespass is joint and several, and the effect of a judgment recovered against them in merging the cause of action is, in the United States, governed by the rules applicable to judgments upon joint and several contracts. (*Livingstone* v. *Bishop*, 1 Johns. 290; S. C., 3 Am. Dec. 330; 2 Ohio, 33; S. C., 15 Am. Dec. 529; *Elliott* v. *Porter*, 5 Dana, Ky., 299; S. C., 30 Am. Dec. 689; *Morgan* v. *Chester*, 4 Conn. 387.)

*D. M. Delmas*, for Respondent.

The reversal of a joint judgment, either in tort or contract, for error against one, is necessarily a reversal of the whole judgment as to all. (*Brown* v. *Richardson*, 4 Robertson, 603; *Richards* v. *Walton*, 12 Johns. 434; *Farrell* v. *Calkins*, 10 Barb. 348; *Harmon* v. *Brotherson*, 1 Denio, 537; *Sheldon* v. *Quinlen*, 5 Hill, 441; *Moulton* v. *Norton*, 5 Barb. 286; *Mc-Donald* v. *Wilkie*, 13 Ill. 22; *Jones* v. *Raine*, 4 Rand. 386; *Gaylord* v. *Payne*, 4 Conn. 190.) Assuming that the Court might have ordered a partial reversal, it has not done so, for it orders the judgment reversed and cause remanded. This places the parties in the Court below in their original position. (*Argenti* v. *City of San Francisco*, 30 Cal. 462.) Could the plaintiff, upon the return of the case, hold on to his judgment against one of the defendants, and proceed to try the cause as against the other ? The only effect of this would be that, in the same action for a joint tort, we would have two separate verdicts and judgments, which we have seen can not be. (*McCool* v. *Mahoney*, 54 Cal. 491.) Or could the plaintiff abandon and dismiss the cause as to the appealing party, and proceed to collect his judgment from the other ? Any act of the plaintiff releasing one from payment would release the other. (*Minor* v. *Mechanics' Bank*, 1 Pet. 87.)

Ross, J.;

The plaintiff sued to recover damages alleged to have been caused to her by the negligent act of defendants. Verdict and judgment was rendered in favor of the plaintiff and

against the defendants for the sum of five thousand dollars and costs. From the judgment the defendant, William Dunphy, appealed to this Court. Defendant Carmen did not appeal. On the hearing of the appeal of William Dunphy, the judgment was "reversed and cause remanded" on the ground that the complaint counted against both defendants as actual *tortfeasors*, personally participating in the wrong complained of, and it did not appear that the appellant, William, was personally present at or in any wise personally participated in the collision which occasioned the damage. On the going down of the remittitur the plaintiff caused execution to be issued on the judgment against Carmen, which execution was subsequently, on motion, quashed by order of the Superior Court; and from this order the present appeal is taken.

What, if any, relation exists between the Dunphys nowhere appears.

We think the Court erred in quashing the execution against Carmen. The judgment against her was unaffected by the appeal of her co-defendant, and the subsequent proceedings thereon. Carmen could also have appealed from the judgment if she had desired to do so. Had she done so, and the facts had established that the damage was caused by her negligence, and that her co-defendant did not in any wise participate in the wrong, this Court undoubtedly could, and would, have affirmed the judgment as to her, and reversed it as to William Dunphy. (Code Civ. Proc. §§ 414, 578; *Wood* v. *Orford,* 56 Cal. 157; *McIntosh* v. *Ensign,* 28 N. Y. 169; Freeman on Judgments, 3d ed. § 236, and authorities there cited.) The case, as it stands, leaves Carmen in no better position. She was content to rest with the judgment against her. As to her, there was a valid judgment, in plaintiff's favor, unappealed from and undisturbed. The case of *McCool* v. *Mahoney,* 54 Cal. 491, is unlike this. There the plaintiffs sued the defendants, Mahoney and Small, jointly, for malicious arrest and prosecution. The jury returned a verdict for plaintiff against Mahoney, for three thousand dollars, and against Small for five hundred dollars; on which verdict the Court entered judgment against Mahoney for three thousand dollars, against Small for five hundred dol-

lars, and against Mahoney and Small for two hundred and eighty-two dollars and seventy-five cents, costs of suit. We held the judgment as entered erroneous.

Order reversed.

McKINSTRY, J., and McKEE, J., concurred.