DETERMINED IN THE

# FIRST DEPARTMENT,

AT

GENERAL TERM,

January, 1885.

---

RUTH A. POST, RESPONDENT, *v.* JOHN C. STOCKWELL, APPELLANT.

*Irregularity in the form of a verdict—when the erroneous portion should be disregarded and a proper judgment entered.*

Where, in an action to recover damages for personal injuries alleged to have been occasioned by the negligence of two defendants, the jury rendered a verdict in favor of the plaintiff for $750, and directed this amount to be divided equally between the two defendants, that is, the sum of $375 against each, the direction for a division of the damages should be disregarded and a judgment should be entered against both defendants for the full amount of the damages awarded.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury.

This action was brought against the above named defendant and one Alfred J. Fisher to recover for injuries alleged to have been sustained by the plaintiff by the falling upon her of a bag of paper thrown through a hatchway of the premises No. 24 Vesey street, New York, by a servant of the defendant Fisher, who then occupied the premises, which injury was alleged to have been caused by the negligence of Charles Donohue, a servant of Fisher and one Frederick Muller, who was alleged to be at the time a servant of the defendant Stockwell.

*J. E. Luddon,* for the appellant.

*W. W. Badger,* for the respondent.

DAVIS, P. J. :

This action was brought originally against John C. Stockwell, the present appellant, and one Alfred J. Fisher, to recover damages for an injury alleged to have been sustained by the plaintiff by the negligence of the defendant's servants. Pending the action and before trial the defendant, Alfred J. Fisher, died, and an order was made continuing the action against Mary F. Fisher as administratrix. On the trial, a verdict was rendered by the jury in favor of the plaintiff for the sum of $750, "to be divided equally between the defendants, that is $375 against each of them." Upon this verdict, judgment was entered that the plaintiff recover of the defendant John C. Stockwell the sum of $375 with $165.17 costs, amounting together to $540.17, as a several judgment against him, and that she have execution therefor, and that the plaintiff recover of the defendant Mary F. Fisher, as administratrix of the estate of Alfred J. Fisher, deceased, the additional sum of $375 with $138.75 costs, amounting together to $513.75, as a several judgment against her, and that the plaintiff have execution therefor. From this judgment, the defendant Stockwell alone appeals.

The point is made that the receiving of the verdict in the form in which it was rendered was a mistrial and that the judgment should be reversed and a new trial ordered for that reason. The receiving of the verdict was not, however, a mistrial. According to the authorities the verdict was a valid one, but the judgment entered upon it was erroneous in form. The action is upon a joint liability, and the jury, by their verdict, assessed the plaintiff's damages at $750, which sum they proceeded to divide equally between the two defendants. This division should have been disregarded and judgment entered for the entire amount of the damages assessed.

In *Halsey* v. *Woodruff* (9 Pick., 555), it was held that where a jury in an action of trespass assessed several damages, the plaintiff may enter a remittitur as to the lesser damages, and take judgment against all who are guilty of the joint wrong for the greater damages. In such a case as this the verdict of necessity finds that both the defendants are guilty of the joint wrong, and it ascertains the whole amount of the damages for that wrong and undertakes to distribute such damages between the defendants. It is a well estab-

lished rule of law where a joint wrong is found to have been committed by all the defendants that all are liable for the damages.

In *O'Shea* v. *Kirker* (8 Abb. Pr., 69), in the New York Superior Court this point is distinctly adjudged and the authorities are fully cited and considered by BOSWORTH, C. J.

In *Beal* v. *Finch* (11 N. Y., 128), which was an action for assault and battery, it was said that in such an action the damages are not divisible, and should a jury erroneously assess different amounts, the plaintiff should have judgment against all who are guilty for the largest amount found against any one. In all those cases the verdict was different in form from that rendered in this case; for by this verdict the jury, after finding the defendants guilty of the wrong, assess the whole damages at $750, and then proceed to divide them as on several recoveries, between the two defendants. The assessment ascertains the whole damages the plaintiff is entitled to recover, and, as it is based necessarily upon a finding that the defendants were both guilty of the alleged wrongful negligence by which the plaintiff was injured, there seems to be little room for doubt that the true course would have been to enter judgment against both for the whole amount assessed. It does not follow, we think, that the judgment should be reversed therefore, for the erroneous form in which it was entered, because it can be corrected by a direction either of this court or of the Circuit, making the judgment conform to the established rule in such cases. It is not an error of which the defendant Stockwell, who alone appeals from the judgment, can avail himself to secure a new trial, inasmuch as the judgment against him, so far as damages are concerned, is only for one-half the amount which the plaintiff was entitled to recover upon the verdict.

But we think the appellant is entitled to a new trial upon another ground. The peculiar circumstances of this case leave it quite doubtful whether a joint liability was shown. The negligence of the servant of Fisher in throwing the bags of paper down the scuttle can hardly be attributable to the servant of another party who was on the lower floor simply for the purpose of receiving them. But assuming that it could be, it was incumbent on the plaintiff to show satisfactorily that the person who was on the lower floor was not only guilty of some negligence, but that he was actually at that time the servant of the appellant. There was evidence tending to

show that the appellant directed him to go to the place of business of Fisher to receive the paper, and that evidence tended, *prima facie,* to establish the relation of master and servant. But it was met and overthrown by positive and undisputed evidence that the servant was not at that time in the employment of the appellant. The proof seems to have been clear that the appellant was not then carrying on the business in which the paper was to be used, on his own account, but was himself an employee of Mary R. Stockwell, his wife, who was conducting the business, and in whose employment the servant was who had been directed to receive the paper.

The appellant's counsel requested the court to charge the jury that, if they believed the testimony of the appellant and others, showing this condition of things, there could be no recovery against the appellant. This charge was refused and an exception taken. The evidence was of such a character, we think, that the charge ought to have been given in that form. Upon the evidence in the case the court, we think, should have instructed the jury that the proof was not sufficient to justify a verdict finding that the person sent for the paper and who received it negligently, as was claimed, was the servant of the appellant. The court was not asked to hold so, as matter of law, but if the instruction in the form requested had been given, it is quite probable that the verdict would have been favorable to the appellant. There seems to have been a palpable error in the result, and the judgment should be reversed, and a new trial granted, with costs to abide the event.

Brady and Daniels, J.J., concurred.

Judgment reversed, new trial granted, costs to abide event.