FRANKLIN B. SEACORD, RESPONDENT, v. CALEB MOR-
GAN AND JOHN WARRIN, APPELLANTS.

*Practice on Appeal—Undertaking—Surety—Liability on Affirmance as to one
Defendant.*

The conditions of an undertaking on an appeal from a judgment against two
Defendants, Appellants, being that the sureties should be liable on condition
that the judgment on appeal should be affirmed; and the judgment on appeal
was affirmed as to one of the Defendants, and reversed as to the other. Held,
that the sureties were liable the same as though the judgment had been affirmed
as to both.

*Wm. H. Taggard* for Appellants.
*S. E. Lyons* for Respondent.

DAVIES, CH.J.—In the year 1850, the Plaintiff in this action
commenced a suit in the Supreme Court of this State against
Nicholas Miller and Leonard P. Miller. The Plaintiff claimed to
recover upon a promissory note made by Nicholas Miller, and en-
dorsed by Leonard P. Miller. The maker and endorser, though
not jointly liable, were, in pursuance of the provisions of our
statute, united as Defendants in the same action. Such proceedings
were had in the Supreme Court, that, on the 20th day of April, 1853,
the Plaintiffs herein recovered judgment against said Nicholas
Miller and Leonard P. Miller, Defendants, for the sum of $261.54.

The Defendants in that action appealed from said judgment to
this Court, and thereupon the Defendants in this action, for the
purpose of making said appeal effectual, and in compliance with
the provisions of the Code, made and executed to the Plaintiff in
this action an undertaking, in the usual form, with a condition
therein, in these words: "Now, therefore, we, John Warrin and
Caleb Morgan, do hereby, pursuant to the statute in such case
made and provided, undertake that the said Appellants will pay
all costs and damages which may be awarded against them on
said appeal, not exceeding two hundred and fifty dollars; and do
also undertake, that if the said judgment so appealed from, or any

part thereof, be affirmed, the said Appellants will pay the amount directed to be paid by said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against said Appellants on the said appeal."

Upon such appeal, this Court affirmed the judgment of the Supreme Court against Nicholas Miller, the maker of said promissory note, and reversed the judgment of the Supreme Court against said Leonard P. Miller, endorser of said note, and judgment was rendered in his favor (Seacord *v.* Miller, 3 Kern. 55).

The Plaintiff now brings an action upon said undertaking, and avers that the said judgment mentioned in said undertaking was affirmed as to the said Appellant Nicholas Miller, with costs, and reversed as to the said Appellant Leonard P. Miller. That judgment had been perfected in said Supreme Court, upon the judgment of said Court of Appeals, and that an execution had been issued for the amount thereof against the property of said Nicholas Miller, and that the same had been duly demanded of said Nicholas Miller, and that the Defendants had notice thereof. The Defendants denied all the matter set forth in the complaint, and the action was referred to William Kent, as referee, who found all the facts, as stated and set forth in the complaint; also, that the amount of said judgment against said Nicholas Miller was $479.42, besides interest; and that the same had not been paid, nor any part thereof, but that the same remained unpaid, and entirely unsatisfied; and found, as conclusions of law, that the undertaking was a valid obligation; that the judgment entered against the said Nicholas Miller in the Supreme Court, on filing the remittitur from the Court of Appeals, was duly entered against him, affirming the said judgment so appealed from, and that by the affirmance of the judgment against Nicholas Miller, and the facts in said report contained, the Defendants became bound and indebted to the said Plaintiff for the amount of said judgment, and the interest thereon. Judgment was accordingly entered for the said Plaintiff, and on appeal the same was affirmed at General Term, and the Defendants now appeal to this Court.

The only question of a serious nature urged upon us for a re-versal of this judgment is, that as it appears affirmatively that the judgment appealed from was against two Defendants, and as it was affirmed only as to one Defendant, and reversed as to the other, the event or contingency upon which these Defendants agreed and undertook to pay the judgment appealed from, has never happened. They undertook, that if the judgment so ap-pealed from be affirmed, then the Appellants would pay the amount directed to be paid by the said judgment, and all damages which might be awarded against the said Appellants on the said appeal.

The Defendants contend that the judgment so appealed from has not been affirmed.

There is some plausibility, it must be confessed, in this position, and it has been sustained by a very ingenious and able argument by the counsel for the Appellants, and were it an open question in this Court, it would be proper to proceed with the discussion of the views suggested.

But as we understand, the precise question now presented was considered and passed upon by this Court in the case of Gardner *v.* Barney and Butler, decided here in December, 1863—not re-ported. That was an action upon an undertaking given by the Defendants, on an appeal from a judgment of the Special Term to the General Term of the Supreme Court, taken by the De-fendants Ogden and Smith. The judgment of the Special Term was against both Defendants, and the appeal was from that judg-ment by them to the General Term. And the undertaking was similar in form to that given by these Defendants. The General Term of the Third District reversed the judgment, and ordered a new trial. From this order the Plaintiff Gardner appealed to this Court, and this Court reversed the order of the General Term, granting a new trial, so far as it related to the Defendant Smith, and affirmed the judgment of the Special Term as to him, with costs. It also affirmed the order granting a new trial as to the Defendant Ogden, and gave judgment in his favor against the Plaintiff, with costs (Gardner *v.* Ogden, 22 N. Y. 327).

The action in this Court above referred to, against Barney and Butler, was upon the undertaking given on the appeal taken by Ogden and Smith from the judgment against them at Special Term to the General Term; and the question as stated by Denio, Ch.J., in the opinion of this Court, was whether the affirmance of the judgment as to one of the Defendants, who were together adjudged to pay a sum of money in the original action, renders the Defendants liable as sureties upon the undertaking?

That question is very carefully and fully discussed by the learned Chief Judge. And as his views upon this point have never been reported, and are so conclusive upon the point. under discussion, and received on that occasion the approval of this Court, it is not deemed inappropriate to quote them. Nothing further need be added upon the subject.

Judge Denio said : " The expressions of the undertaking, which provide for the case upon affirmance only in part, appear to have reference primarily to the amount, and not to the number of persons charged. The language is, that the Appellants, in the case of a partial affirmance, will pay the amount directed to be paid by the judgment, or *the part of such amount* as to which it shall be affirmed, if it be affirmed only in part. But independent of these words, I am still of opinion that this judgment has been affirmed, according to the general sense of the instrument.

" The decision that the Plaintiff is entitled to the amount of money adjudged to him by the Special Term, is sustained, and the position is upheld, that he is entitled to recover it in action. It was a case in which several damages might be given against one of the Defendants, though the other should be acquitted. This is established by a judgment, affirming the recovery as to Smith alone. The judgment of the Special Term has, therefore, been affirmed, with a variation, however, in this—that the recovery is to be satisfied by one, and not by both of the Defendants. It is not necessary to depart from the language of the instrument in order to charge the sureties. They are to abide according to the terms of their undertaking.

" There has been an affirmance of the judgment appealed from,

and equitable construction cannot be resorted to for the purpose of charging sureties. But if the case is within the letter of their contract, they are liable, unless there is something in the spirit and intention of the instrument, or of the law under which it is given, which exonerates them. The object of the undertaking is to procure an absolute stay of execution, and of all proceedings on the judgment, and such is its effect (Code, §§ 335, 339).

" The motive for requiring the undertaking was to secure to the Plaintiff the fruits of the recovery, in case it should be determined that the allegations of error were unfounded. As the Plaintiff is, by the stay of execution, deprived of the immediate resort to the property of the judgment-debtor, which the law would otherwise give him, and as his title to the amount adjudged in his favor is primâ facie established, it was the policy of the law that he should have security to indemnify him against the possible contingency of the delay. The law assumes the judgment to be such presumptive evidence of his right, that it will not subject him to the hazard arising from the delay of further litigation, without an indemnity against any loss which he might thereby incur. If it should be decided, that in order to hold the sureties the judgment should be affirmed in all its parts, without variation or modification, the provisions for security would be illusory in a great variety of cases, which may be supposed.

" Let us take the case of an equity suit against two Defendants, and a judgment in a primary Court against one, and an acquittal of the other, and cross-appeals by the Plaintiff as to the discharge of the one acquitted, and by the Defendant, who was held liable; and that the Appellate Court should hold that both were liable, and give judgment accordingly. It is plain that the sureties of the Defendant, who was held liable by the first judgment, ought not to be discharged, for the complaint of that Defendant against the judgment would be shown to be unfounded, and the Plaintiff would have incurred the hazard against which the undertaking was intended to protect him; and yet it could not be said that the identical judgment appealed from had been affirmed in every particular. The system of the provisions respecting security on

appeals is explained by the 366th section of the Code, as to judgments directing the assignment or delivery of documents or personal property. The undertaking in that case was to the effect, that the Appellant would obey the order of the Appellate Court, on the appeal. This shows the general intention of the Legislature, that the judgment of the primary Court should not be delayed in its execution, unless the party charged should give security to abide the judgment of the superior Court, if it should be adverse to him, without requiring that the same iden tical judgment should be sustained.

" The nature of the original action, and the liabilities upon which the recovery was had, are not stated in the present case. We may suppose them to have been what we know, by looking into the former case, they were—an alleged breach of duty on the part of Defendant Ogden, as member of the firm who were the agents of the Plaintiff for the sale of his land, in disposing of it in bad faith, and for a less price than it was worth, the Defendant Smith being the buyer, under such circumstances as would estop him of the defence of a bonâ fide purchaser. Both the Defendants were held liable for the supposed value of the land ; and although the judgment was joint in form, each was made liable on account of his supposed individual misconduct, and not on account of the delinquency of the other. It was more like a judgment against two tort feasors than one against joint-debtors. In such cases the appeal is, in effect, several, by each Defendant ; and it would have been perfectly correct for each Defendant to have brought a separate appeal, and to have given a separate undertaking, though it was not irregular for them to join in the appeal, and procure a single undertaking. But the proper construction of the instrument is, that the sureties undertake for each of the Defendants. The Defendant Smith was made liable for the value of the land, on account of having purchased it at a voidable sale, under circumstances which would not enable him to hold it against the Plaintiff's equity ; and Ogden was held liable to the same amount for having sold the land to Smith, in violation of his duty ; and the judgment contained a provision that Smith might

satisfy the amount by reconveying such part of the land as he had not disposed of to others, and assigning and paying to the Plaintiff the securities and money which he had received for the part sold by him. Now, it might very well be that the judgment could be sustained against one, while the other should be acquitted, and such was, in fact, the judgment of this Court, which was in favor of Ogden, on the ground that he, being absent from the country, had no personal concern with the alleged illegal purchase from the Plaintiff. The appeal taken under such circumstances was, in effect, several by each Defendant, and the undertaking should be construed in connection with the judgment. Viewed in that light, the sureties must be considered as undertaking, in behalf of Smith, that if the judgment against him, from which he had appealed, be affirmed, he should pay the amount adjudged; and so of the Defendant Ogden. If the sureties were bound separately for each Defendant, in respect to the judgment against each, as, I think, they were, it is of no consequence that there was a reversal as to one of them. The terms of the contract adjust themselves to the case as it actually existed; and it is the same thing as though each had appeared separately, and the sureties had signed a separate undertaking upon each appeal. Though the nature of the action in the original suit, and the grounds of the judgment, were not found on that under review, neither was it shown that the judgment was one against joint-debtors; and the condition annexed to it, allowing Smith to discharge it by a collateral act, shows that it was not an ordinary judgment against two persons jointly indebted. I am therefore of opinion that the objection, that the judgment has not been wholly affirmed, or affirmed as to both Defendants, is not well taken."

These are the views of this Court, so clearly expressed in a case so analogous to the present, that they must be regarded as controlling and not open to further discussion. It is impossible to point out any essential difference between the case under review and that in which the preceding opinion was rendered. If ever a case was in quatuor pedibus with another, this is with that. To the same effect is the case of Potter v. Van Vranken (36 N. Y. 619).

In the record now before us it distinctly appears that the original judgment was not against the Defendants therein as joint-debtors, but a judgment against them upon the separate liability and contract of each. It was against Nicholas Miller, as maker of the promissory note in suit, and against Leonard P. Miller as the endorser thereof; and, as was observed in Gardner *v*. Barney, it might very well be that, under such circumstances, the judgment might well be sustained against one Defendant, while the judgment against the other would not be allowed to stand.

Then the appeal, in effect, was in this case, as in that, a several appeal by each Defendant; and we are to construe the undertaking to refer to the character of the judgment it was given to secure. In that light we must hold that the sureties are to be regarded as undertaking, on behalf of Nicholas Miller, that if the judgment against him, from which he had appealed, should be affirmed, he would pay the amount of the judgment; and the same as to the other Defendant. Now, the judgment against the Defendant Nicholas Miller was affirmed by this Court, and upon such affirmance, the liability of his sureties to pay the judgment so affirmed became absolute. It was not impaired by the circumstance that this Court reversed the judgment of the Supreme Court against the other Defendant, Leonard P. Miller. It is not denied that if each Defendant had taken a separate appeal to this Court from the judgment against him, and an undertaking had been executed upon each appeal, that in case of the affirmance of the judgment upon either appeal, the sureties in respect thereto would have become fixed, although the judgment on the other appeal had been reversed. We held in Gardner *v*. Barney, that in a case like the present, it is the same thing as though each Defendant had appealed separately, and the sureties had signed a separate undertaking upon each appeal. That is decisive of the case at bar.

The findings of the referee, that the remittitur from this Court, containing the affirmance of the judgment, was filed in the Supreme Court by its order, is conclusive of the facts, and of the regularity of the Plaintiff's proceedings. We have no doubt

of the power of the Supreme Court to direct the order to be entered, making the judgment of this Court the judgment of that Court, nunc pro tunc (Chautauqua County Bank v. White, 23 N. Y., 347).

The judgment appealed from should be affirmed, with costs.

Concurring, PORTER, PARKER, WRIGHT, and GROVER, JJ.

Affirmed.

JOEL TIFFANY,
State Reporter.
