Johnson, J.
I am unable to concur in the opinion just announced.
The undertaking for an appeal is conditioned “ that the said affellants, if judgment shall be adjudged against them on the appeal, will satisfy said judgment and costs.”
The judgment below was against two defendants, each desired to appeal, and the defendant in this case, reciting this desire and intention of both, entered himself as surety for both.
On the trial on appeal one defendant was discharged, and the judgment on the same cause of action was rendered against the co-defendant. This judgment of the appellate court settles conclusively the fact that the action appealed was in its nature joint and several, and not joint. If we look to the second answer herein, we find that such was actually the fact. As it was a joint or several demand, it admitted of several defenses, and either party could have appealed leaving the judgment to stand as to the other; and even if the demand were joint and the appeal of one vacated the judgment as to both, it was held in Ewers v. Rutledge, 4 Ohio St. 210, that one or more defendants against whom jointly a judgment had been rendered, may appeal, and his bond need not cover the defaults of his co-defendant. The judgment as it stood was upon its face, and so *506 far as the record shows, one for which either or both were liable. Execution could have been levied upon joint or several property to satisfy it. The bond recites the intention of each to appeal from this judgment. The surety undertakes for both. He obligates himself, “ pursuant to the statute in such cases made and provided,” that the appellants — that is, each of them — as each could act separately, or might join in prosecuting the appeal, will satisfy the judgment that may be recovered. 'He thus interposed and enabled each to have a retrial of the case.
In determining the nature and legal effect of this undertaking, which is purely statutory, we must look to the statute which authorizes its execution and prescribes the object, as well as to the nature of the demand. Secrest v. Barbee & Royston, 17 Ohio St. 427.
The statute speaks of the appellant in the singular number. If there are several appealing, the undertaking must be for all, unless the claim or defense is joint only. If the defense was joint in its nature, and went to the validity of the cause of action — that is, to the right of the plaintiff to recover against either — it would, to that extent, inure to the benefit of both. Ibid, 17 Ohio St. 427.
This defendant undertook for each defendant, not on a joint, but a joint and several claim, which proved to be several only, on final trial.
He knew, or is presumed to know, the law — that they might have filed separate appeals, or that he was not bound to undertake for both. As the greater includes the less, he has no right to complain now, because his liability is less than he undertook to guaranty. The indorser of a joint and several note is not discharged by the discharge of one of the makers, and why should the guarantor of two defendants for an appeal.
His undertaking was “ pursuant to the statute.” The statute directs that, on the appeal, the appellate court shall try and determine the ease by the same rules of law as if originally brought in that court. He undertakes to make good any judgment the law and the facts warrant, against *507 one or all appellants. He contracts with reference to the-nature of the case, and the power and duty .of the court to make such judgment against one or both, as the law demands.
To hold that this surety is discharged because the judgment is not against both, after he has arrested the right of the plaintiff to collect as to either, seems to me, a narrow and technical construction of the statute, not required by its words nor the obvious intention of the legislature.
Such construction tends to defeat rather than promote-the administration of justice.
It is conceded that a surety may rely on the precise words of his bond, and that in construction of his contract there are no equities; but it is not conceded that words and terms used in his contract have any different legal signification than those in the contract of his principal.
It is a mistake to assume that there is a special set of rules, strict and technical in their nature, by which words, phrases, and covenants of a surety have a different meaning than when used by others in a contract.
The construction to be put on a contract is the same in both cases. While nothing is implied against a surety, and he has a right to stand on the words of his bond, yet his contract, as expressed, means the same in legal contemplation as if he were a principal, and not a surety.
But this question can hardly be regarded as an open one-in Ohio.
The Supreme Court, in Bentley v. Dorcas, 11 Ohio St. 398, has settled the proper construction to be given such a contract.
In this case, there was a judgment against several defendants, who jointly appealed, and, in the District Court, judgment rendered against one only of appellants. This was an action against the sureties on the appeal bond. The-sureties answered that the original judgment was against one, Lake, as principal, the other defendants being sued as his sureties ; that they (the present defendants) were sure *508 ties for the co-defendants of Lake, but not for him, who was insolvent. The court say: “ The judgment in the District Court is against part only. We think the sureties ■on the bond given by all are the sureties of all, and bound for the default of all. By the terms of the bond, they are ■sureties equally for all; and all, by uniting in the bond, must be regarded as bound for each other.” It is claimed that, in that case, the words of the.bond did not, as in this •case, bind the surety only for a judgment against them, but to pay the amount of a judgment “ in favor of the appellee.”
The court place their decision on no such narrow ground. The bond, though informal, was held to be substantially a good bond under the statute; and, so regarding it, the court considered the legal relations that sureties and other co-obligors occupied to a judgment against one only of the appellants.
Burrell v. Vanderbilt, 1 Bos. 637, was an action against sureties for four defendants on an appeal bond. One only ■of appellants prosecuted his appeal, the others having abandoned it, and j udgment was rendered against him.
As in this case, the sureties undertook “that if appellants will pay all costs and damages . . . against them,” and “ if the judgment, or any part thereof, shall be affirmed, the appellants will pay,” etc.
The defense was the same as the case at bar, but the court held it insufficient.
So, in Secors v. Morgan, 3 Keyes, 636, the same question arose. The court say: although the judgment is joint in form, yet, as the action permitted separate defenses, and both appeal, “ it is, in effect, several by each defendant, and it would be perfectly correct for each defendant to have brought a separate appeal, though not irregular for them to join in the appeal, and procure a single undertaking. But the proper construction of the undertaking is that the sureties undertake for each of the defendants. The appeal was, in effect, several by each defendant, and *509 the undertaking should be construed in connection with the judgment.”
It is claimed that these decisions from New York are based on the terms of their civil code.
Such is not the fact, as appears from the language already quoted. In their statute, as in ours, the obligors and obligees on the bond are spoken of in the same manner. The undertakings are for the appellants jointly, as in this case, but in other respects the apneal bond is somewhat differently worded.
Hood v. Mathis and Sally, 21 Mo. 308, is on all fours with the case at bar. The Missouri statute was substantially the same as ours as to the obligation of the surety for appeal, the condition being “ that the appellant will prosecute his appeal with diligence to a decision, and that if on such appeal judgment be affirmed, or upon trial anew in the Circuit Court the judgment be rendered against him.”
The statute prescribed a form of bond in these words: “If judgment be given against appellant,” etc.
In that ease, the bond was conditioned, “ if the judgment of the justice be affirmed, or if on trial anew in the Circuit Court judgment be given against appellants.” The bond in that case, as in this, used the plural instead of the singular in describing the parties appealing. Judgment was rendered on appeal against one of appellants and in favor of the other, which was relied on to discharge the surety. The court held he was liable, and say: “ To hold otherwise would be a very narrow construction of the statute, required neither by the words of the. statute nor the obvious intention of the legislature, a-nd tending rather to defeat than to promote the administration of justice.”
A careful examination of the Missouri statute, and the undertaking given in that case, show there is no essential difference between that case and this.
Kipling v. Turner, 5 B. & A., was an action of debt on a bond. The bond, after reciting that A., B., and C. had filed a bill in equity against R. M. and J. S., states the condition to be that the obligor “ would pay all costs, as the *510 ■court of chancery should award to the defendants on the hearing of the cause.”
It was held by Bayley, Holroyd, and Best, JJ., that the death of one of the defendants before any costs awarded -could not be pleaded in discharge of the bond. Bayley, J., .said: “This bond is not conditioned to such costs as the -court of equity shall award to R. M. and J. S. by name, but to pay such costs as shall be awarded by the court to those, who, at the time, fill the character of defendants in -equity.”
Holroyd, J., said: “ It appears that here there were three persons filling the character of plaintiffs, and two that of defendants in equity, and the intention appears to me plainly to have been, that whatever costs the plaintiffs in equity were compelled to pay should be paid by this defendant. To show that in construing such a bond the courts •do not adhere to the words of the bond alone, but look to the nature of the case, state of the pleadings,” etc., Secrest v. Barbee & Royston, already cited, is in point.
There the undertaking recited a judgment against two, .and demand for second trial by both, and the condition was that the defendants, both of whom were named, “shall abide and perform the order of the court against them, and ■shall pay all moneys, costs, and damages against them.” ■
The fact was, one was in default, and not entitled to a second trial, but the whole case was placed on second trial ■docket, and on retrial of the issue made by the other defendant, he recovered a judgment for costs, and judgment was rendered against his co-defendant, as on the first trial. The court held that, although literally this purported to be an undertaking for both defendants, yet looking at the issue, and the statute on the subject, its legal effect was to bind the makers for the default of the one only entitled to a second trial. It follows from this that if both had been •entitled to a second trial, and the same judgment rendered, the surety would not have been discharged.
II. The second answer sets up a3 a fact that one of *511 these defendants was the wife of the other, and hence the judgment against her was void.
This is a plea of matter going to the validity of the judgment appealed ■from. The surety can not now retry that case in this action against him.
It does not appear that that fact was known to the justice. In any event, a judgment against her was not necessarily void, in any such sense as that she could not appeal from it.
But if it was, then this undertaking was for the husband alone, who could appeal; and, by the authority of Secrest v. Barbee & Royston, its legal effect was to bind the maker for the default of the one only who was authorized to appeal.
Again, one of the conditions of the bond was this: “And I do also undertake in said sum that the appellants will prosecute their appeal to effect without unnecessary delay.”
As the appellants could make defense jointly or severally, as they chose, according to the facts relied on by them to defeat the action, this was not an undertaking that they should prosecute their appeal jointly, but by the use of such defenses, jointly or severally, as they or either of them possessed.
Again, he undertook they should prosecute it to effect; that is, the appellants should both make a successful prosecution.
If one should make no defense in the appellate court, and the other should make a successful one, the reasoning of the majority would be that the surety would not be liable, although he bound himself that both would prosecute the appeal. Surely this can not be.
As this is a practical question of considerable importance, I have ventured to record my dissent from what I think is clearly erroneous.