[No. 12188. In Bank. — November 30, 1887.]

MILTON LITTLE ET AL., PETITIONERS, *v.* SUPERIOR COURT OF MONTEREY COUNTY, RESPONDENT.

MORTGAGE — FORECLOSURE — APPEAL BY SUBSEQUENT MORTGAGEE — NEW TRIAL. — In an action to foreclose a mortgage, in which an alleged subsequent mortgagee was joined as defendant with the mortgagors, a judgment was rendered establishing the priority of the plaintiff's mortgage, and decreeing the foreclosure of each mortgage. Under this judgment, the mortgaged premises were sold, a portion thereof being purchased by each mortgagee. The mortgagee whose mortgage had been decreed to be subordinate appealed from the judgment, but did not make the mortgagors parties to the appeal. On the appeal, the judgment was reversed, and the cause remanded for a new trial. *Held,* that the order for a new trial affected only those parties who were before the court, and that no retrial as to the mortgagors could be had.

APPLICATION for a writ of prohibition to the Superior Court of Monterey County. The facts are stated in the opinion of the court.

*D. M. Delmas,* for Petitioner.

*T. O. Houghton,* for Respondent.

PATERSON, J. — This is a proceeding to restrain the superior court of Monterey County from trying the case of *Withers* v. *Little et al.,* so far as these petitioners are concerned therein.

The action referred to is a foreclosure suit, commenced by Withers against David Jacks and petitioners herein, Milton Little and Mary Little, in 1878. It is alleged there that the Littles are indebted to Withers upon a certain promissory note; that they gave a mortgage on lots 1 and 2, in Monterey, to secure the payment of the note; and that Jacks claims some interest in the property. The Littles made default; Jacks put in an answer denying that his mortgage was subsequent in time or in equity to that of Withers upon lots 1 and 2, and, in a cross-complaint, alleged that the Littles were indebted to him upon a promissory note secured by a mortgage upon said lots 1 and 2, and also upon lots 3, 4, 5, and 6. The Littles consented in open court to the entry of judgment against them as prayed for by Jacks in his cross-complaint. The cause was tried by the court, and a decree entered in favor of Withers against the Littles for the sum claimed by him, and in favor of Jacks for the sum claimed in his cross-complaint. It was further adjudged that the Withers mortgage upon lots 1 and 2 had priority. At the foreclosure sale, Withers purchased lots 1 and 2, Jacks purchased lots 3, 4, 5, and 6, and certificates of sale were regularly issued to them and were duly recorded. Thereafter, Jacks filed a notice of appeal, which reads as follows: " (Title of court and cause.) You will please take notice that the defendant, David Jacks, in the above-entitled action hereby appeals to the supreme court of this state from the judgment made and entered in said district court on the twenty-fifth day of July, 1878, in favor of plaintiffs in said action, and against the defendants therein, and from the whole thereof. Dated this twenty-first day of July, 1879. Houghton and Reynolds, attorneys for defendant, David Jacks."

An objection was made by the Littles in the supreme court to the hearing of the appeal, on the ground that, as to them, no appeal had been taken. The decision of this court is printed in 56 Cal. 370 et seq. The court did not directly and fully sustain the objection thus made, but in the opinion said: "In considering this cause, we have regarded the appeal as to the administrator of Milton and Mary Little, his wife, not properly taken." The judgment was reversed, and cause remanded, with directions to enter judgment giving Jacks's mortgage priority. A rehearing was asked, which was denied, but the court remanded the case for a new trial. (See report of the case.)

The court below — respondent herein — has evidently been in doubt as to the effect of this decision upon future proceedings in the case to determine the rights of Withers and Jacks respectively, and is now of opinion that it is necessary to proceed against all the parties, as if the case had never been tried. But the judgment rendered *against the Littles* is final. They have never been heard on appeal. The appeal taken by Jacks was from the judgment in favor of Withers against the defendant.

There was but one issue over which there was any contest, viz., as to which was the prior mortgage. That issue was between Withers and Jacks, and was the only issue considered by this court. Furthermore, the statement in the opinion as to the appeal is in effect a decision holding that the appeal, so far as the Littles were interested, was ineffectual, — there was no appeal as to them. That portion of the decision is not affected by the order made upon the petition for a rehearing. No other conclusion could have been reached than that the judgment, so far as it affected the Littles, was not before the court on appeal. The Littles were not before this court, and the reversal and order for a new trial affected only those who were before the court, — Withers and Jacks. (*Nichols* v. *Dunphy*, 58 Cal. 605.)

The court below will not be embarrassed because of the absence of the Littles as parties in determining the rights of Withers and Jacks, as the case stands. The only question between them is, Which mortgage takes priority? The Littles care nothing how that is decided. But the Littles are interested in the question as to whether the judgment fixing the amount due to Jacks shall stand. It has stood for nine years, was entered by their consent, no one appealed from it, and the property — lots 3, 4, 5, and 6 — was sold to satisfy the debt. It would be a manifest injustice to now re-open the judgment, put the note with accrued interest in a new judgment, and again sell the property (which Jacks purchased) to pay the increased amount of indebtedness and costs, or docket a personal judgment against the Littles for the deficiency.

Let the writ issue as prayed for.

McFarland, J., Searls, C. J., Sharpstein, J., Temple, J., McKinstry, J., and Thornton, J., concurred.