THE WOODHAVEN JUNCTION LAND COMPANY, Appellant, *v.* JOHN SOLLY and CHARLES LANGE, Respondents.

RESTRICTIONS IN DEED — ESTOPPEL AGAINST ENFORCEMENT. The facts — that a purchaser of a lot from a land improvement company paid for the land and erected a building thereon with a store front, upon the faith of representations made to him by the general agent of the vendor that there were no restrictions on the property and that it could be used for business purposes; that he did not receive a deed until several months thereafter, and on then observing that it contained restrictions against using or permitting the premises to be used for the sale of intoxicating liquors, was informed by the general agent that he would not be interfered with, and that on such assurance he accepted and recorded the deed and thereafter leased the premises to a person who he knew intended to

use them for the sale of intoxicating liquors — suffice to prevent the vendor from obtaining an injunction restraining the tenant from such use of the premises. *So held,* in an action for an injunction brought by the vendor against both the purchaser and tenant, in which the purchaser consented to a reversal, on appeal, of a judgment refusing the injunction.

Reported below, 74 Hun, 637.

(Argued December 3, 1895; decided December 19, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 1, 1893, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The plaintiff is a land improvement company, owning a tract of land in Queens county, called Chester Park, which, at the time of the transactions in suit, it was developing and laying out according to a general scheme, and in pursuance of which it was placing its property upon the market. Its deeds, including the one in question in this action, contained covenants by which the purchaser agreed that neither he nor his heirs or assigns would, prior to January 1, 1900, erect or permit to be erected upon the land conveyed any ale house or other place for the manufacture or sale of intoxicating liquors, or for carrying on any other offensive trade or business, or use, or permit to be used for any of said purposes, any house already erected, or which might be erected. The complaint sought to restrain the defendants from using or permitting a house, which had been erected by the defendant Solly on a lot purchased by him from the land company, and which had been leased by him to the defendant Lange, to be used as an ale house or as a place for the manufacture or sale of intoxicating liquors.

Further facts are stated in the opinion.

*L. C. Whiton* for appellant. The defendant Solly had not only notice of the fact that the property bought by him was restricted, but he also had knowledge of these restrictions. (*Reed* v. *Gannon,* 50 N. Y. 345, 349; *Ellis* v. *Horrman,*

90 N. Y. 474; *Baker* v. *Bliss*, 39 N. Y. 70; 1 Y. & C. Exch. 328; *Pitney* v. *Leonard*, 1 Paige, 461; *Pendleton* v. *Fay*, 2 Paige, 202.) The agent of the plaintiff, although styled a general agent, had no authority to waive any restrictions, of which fact the defendant Solly was fully aware, and Solly's knowledge that there were limitations to the agent's powers put upon him the burden of discovering the extent of the agent's authority. (*Webb* v. *Alexander*, 7 Wend. 281; *Stayner* v. *Tysen*, 3 Hill, 279; *Sage* v. *Sherman*, 2 N. Y. 417; *Fullerton* v. *McLaughlin*, 53 N. Y. S. R. 179.) The court erred in admitting testimony of the agent's declarations subsequent to the time of the making of the contract. (*Hubbard* v. *Elmer*, 7 Wend. 446; *Fullerton* v. *McLaughlin*, 53 N. Y. S. R. 779.) The defendant Solly has failed to make out such a case as will establish that mistake in fact or in law as entitles him to a reformation of his deeds. (Story's Eq. Juris. §§ 155, 157; *Nevins* v. *Dunlap*, 33 N. Y. 676; *Story* v. *Conger*, 36 N. Y. 673; *Lyman* v. *U. S. Ins. Co.*, 17 Johns. 376; *Welles* v. *Yates*, 44 N. Y. 525; Willard's Eq. 64; *Lowes* v. *Leroy*, 2 Sandf. 202; *Parkhurst* v. *Van Courtlandt*, 1 Johns. Ch. 273; *Armstrong* v. *Mundy*, 5 Den. 166; *Niles* v. *Culver*, 8 Barb. 205.)

*Mirabeau L. Towns* and *James S. Wilson* for respondents. The deed is not in conformity with the terms of the contract of sale, and, therefore, Solly is now entitled to a new deed or to a release, releasing his property from the improper and unwarranted restrictions, as prayed for in the answer. (Story's Eq. Juris. [5th ed.] 174, § 154, 179, § 159.) All representations and agreements made by the general agent of the company to and with this respondent, to the effect that the latter's property was to be exempt from restrictions, and that he would be free to use it as he chose, are binding on his principal, the appellant company. (1 Pars. on Cont. 39.)

FINCH, J. This action was brought to enforce by injunction certain restrictions imposed by plaintiff's deed executed

to the defendant Solly. The injunction has been refused by the courts below and the plaintiff company appeals. It now produces to us the written consent of the defendant Solly for a reversal of the judgment, properly executed and acknowledged and signed also by his counsel. That makes it our duty to reverse the judgment as to him. But his co-defendant, Lange, has made no such stipulation. On the contrary, he appears and has filed a brief asking an affirmance of the judgment. The findings show that Solly paid for the premises, erected the building and sublet to Lange upon the faith of representations made to him by the general agent of the plaintiff that there were no restrictions on the property and it could be used for business purposes. Solly paid for the land and at once began the erection of a building with a store front in June of 1891 and got his deed only in the following September. Observing the restrictions, he went to the general agent with the deed and the latter assured him they would not interfere with him. On that assurance he accepted and recorded the deed. Thereafter he leased to the defendant Lange knowing that the latter was intending to use the premises for the sale of intoxicating liquors. Upon the findings the judgment rendered was right, and so far as the defendant Lange is concerned should be affirmed, with costs. We are not responsible for the reversal as to Solly which rests wholly upon his consent.

The judgment should be reversed and new trial ordered, with costs to abide the event as against the defendant Solly, but affirmed, with costs, as to defendant Lange.

All concur.

Judgment accordingly.