had an interest much broader than his, which would have led to the prosecution of the action after the satisfaction of Mrs. Dalton's judgment. Anderson was content to let the plaintiff conduct the action by his own counsel, and at his own expense. He merely interposed an answer which asked as its only relief that the judgment which he represented as receiver be paid, with all the incidental costs and fees. Under these circumstances, it would be most inequitable to deprive the plaintiff of his costs, and the defendant Dalton should not be compelled to pay two bills of costs upon the trial of a single issue, for the establishment of but one right. Anderson was properly allowed his fees and commissions as receiver out of the plaintiff's recovery, and this was the extent of the relief which should have been awarded him.

There also seems to have been error in the computation of interest upon the appellant's offsets; no interest at all being computed upon the amount of the judgment of $275.10, and an erroneous method being adopted as to the other items. The full amount of all the unpaid installments of annuity should first be ascertained, with the addition of interest upon each installment from the time it became due. From this should be deducted the amount of the three offsets,—for the rent, with interest from the date it was received; for the use of the rooms, with interest from the time of such use; and for the judgment, with interest from the date of its rendition. In view of the necessity for this modification of the judgment, installments of annuity may be allowed up to the date of the entry of judgment upon the decision of this court, and computations of interest, both upon them and the offsets, may be made up to that date.

The judgment should be modified as indicated, and, as so modified, affirmed, without costs to any of the parties. All concur.

---

BELDEN v. ANDREWS.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

APPEAL—BY ONE OF SEVERAL DEFENDANTS—EFFECT OF REVERSAL.

A reversal of a judgment against several defendants on an appeal by one of them operates only in favor of the defendant who appealed, where the liability of defendants is several.

Appeal from special term, New York county.

Action by James J. Belden against Stevenson Burke, Wallace C. Andrews, the Columbus, Hocking Valley & Toledo Railway Company, the Central Trust Company of New York, and others. From an order denying the motion of defendant Wallace C. Andrews to vacate an order canceling a docket entry of judgment in favor of defendants, and to restore the entry, he appeals. Affirmed.

The action was brought by plaintiff, as the holder of 50 bonds of defendant the Columbus, Hocking Valley & Toledo Railway Company, secured by a mortgage to defendant the Central Trust Company; and the complaint alleges, in substance, that the defendant Burke and certain other of the defendants conspired together to, and did in fact, defraud the trust company, as trustee of said mortgage, and

all persons who should become owners of the bonds thereby secured, including the plaintiff, by converting $8,000,000 thereof to their own use, instead of applying the proceeds thereof to improve the mortgage security according to the terms of a covenant in the mortgage, and demands relief that Burke and the other alleged conspirators return to the railroad company said bonds, or account for the proceeds, or otherwise make equitable compensation for the alleged wrongs. On the trial at special term, judgment was entered dismissing the complaint. On an appeal by plaintiff to the general term, the judgment of dismissal was reversed. 25 N. Y. Supp. 601. From the judgment of reversal by the general term, defendant Burke alone appealed to the court of appeals. The decision of the court of appeals (42 N. E. 261), as appears by the remittitur, after reciting the appeal of Burke, did "order and adjudge that the order of the general term of the supreme court appealed from in this action to this court be, and the same hereby is, reversed, and the judgment of the special term of the supreme court is affirmed, with costs." On the remittitur, judgment was entered in the special term in favor of all the defendants. Thereafter, on an ex parte application, an order was made canceling the entry as to defendants other than Burke. Defendant Andrews moved to vacate this order, and restore the entry, and from an order denying his motion this appeal is taken.

The opinion of Mr. Justice BEEKMAN at special term is as follows:

The defendant Burke alone appealed to the court of appeals from the order below reversing the judgment of the special term, and ordering a new trial. And, unless there is technical objection to it, he should, logically speaking, be the only participant in the benefits of the judgment of that court by which the order of the general t. rm has been reversed. The other defendants, by not appealing, must be considered as having acquiesced in the direction for a new trial. The action is an equitable one, and the defendants, other than the trust company and the railroad company, are called upon to account for the proceeds of certain bonds of the railroad company all. ged to have been fraudulently appropriated and diverted by them from the uses and purposes for which the bonds had been authorized to be issued. It is of such a character that judgment could, in the first instance, be rendered against some of the defendants and in favor of the others, or the appellate division could, on appeal, reverse a judgment below as to some, and affirm it as to the others. Hubbell v. Meigs, 50 N. Y. 480. In other words, the liability is several, and the presence of Burke in the action is not essential to its further prosecution against the remaining defendants. They cannot be held liable without proof of the fraud charged against them, and, if such proof is made, the liability for each therefor is quite unaffected by the fact that others were equally guilty. There does not, therefore, seem to be any reason, suggested by the nature of the action, which requires that the general term order must stand or fall as a whole. Numerous cases have been cited by the learned counsel for the defendant Andrews in support of the position that where the judgment is entire, but is affected in part by reversible error, it must be wholly reversed, and that the court cannot affirm it in part, and reverse it in part, and order a new trial pro tanto. The authorities cited, however, in so far as they have not been reversed, seem to apply mainly to cases where, as a matter of law, none are liable unless all are liable, where the liability is joint, or where attempts have been made to affirm as to part of the subject-matter and to reverse as to the balance. The case under consideration comes under a different class. The liability, as has been said, is several. Williams v. Telegraph Co., 93 N. Y. 162. See remarks of Earl, J., page 194. In the case of Bullis v. Montgomery, 50 N. Y. 352, an action was brought against the sheriff and others, who had been plaintiffs in a replevin suit, to recover damages for taking the property. A verdict was rendered against all of the defendants. The general term reversed the judgment, and ordered a new trial. On appeal therefrom to the court of appeals, that court affirmed the order as to the sheriff, but reversed it with respect to the other defendants. The appeal was taken by all of the defendants. This case is cited by the court in Hubbell v. Meigs, supra. The case of Hooper v. Beecher (Sup.) 15 N. Y. Supp. 113, cited by counsel for defendant, is clearly distinguishable from this. There the appellant and the nonappealing party were co-partners. The act complained of related to the co-partnership, and their liability was joint.

It is urged that upon a new trial the plaintiff cannot better his case, and that, therefore, a new trial would be an idle ceremony. This contention, however, whatever it may be worth, assumes too much. It is not impossible that the plaintiff might upon a new trial be able to present additional facts, which would rebut the inference drawn by the court of appeals from the facts then before it, that the plaintiff had full knowledge of the acts complained of. Upon both authority and principle, then, it seems to me that the court of appeals had the power to reverse the order of the general term in part, and to affirm it in part; that, having entertained the single appeal of the defendant Burke, its judgment was operative only with respect to his rights and status in the litigation; and that the effect of the judgment was to reverse the order as to him alone, leaving it to stand as to the other defendants, who, technically, were satisfied with it. The judgment of this court made and entered upon the remittitur from the court of appeals, as amended by the order bearing date on the 31st day of March, 1896, seems to follow this theory, for it awards judgment to Burke alone, dismissing the complaint on the merits.

It follows from what has been said that the motion to vacate the order directing the clerk to erase from the docket of the original judgment the 'memorandum that the order of the general term was reversed, and the judgment of the special term affirmed, must be .denied.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

James W. Hawes, for appellant.
Root & Clarke (A. C. Hume, of counsel), for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of the court below.

---

GENET v. PRESIDENT, ETC., DELAWARE & H. CANAL CO.

(Supreme Court, Appellate Division, First Department.   February 5, 1897.)

1. MINES—LEASE—CONVEYANCE IN FEE.
    A lease, and not a conveyance in fee, is effected by an instrument which gives the right to mine "all the coal contained in, on, or under" certain lands in Pennsylvania, but further provides that the lessee may select the coal which it will take and pay for.

2. CONTRACTS—INTERPRETATION.
    The interpretation of a written instrument under the law of Pennsylvania is a question of law for the court, and therefore where the court of appeals of New York held that an instrument concerning land in Pennsylvania was an executory contract, and not a conveyance, it is the duty of the trial court, in another action between the same parties relating to the same contract, to follow the construction thus given.

3. MINING LEASE—INTERPRETATION.
    A mining lease reserving a certain royalty per ton for "clear, merchantable coal, exclusive of culm that would pass through a mesh of one-half inch square," does not give the lessee the right to the culm, and therefore, where the culm became marketable after the execution of the lease, the sale of it by the lessee was a conversion for which he was liable to the lessor.

4. SAME—MEASURE OF DAMAGES FOR CONVERSION.
    The measure of damages for small coal converted by defendants while mining larger pieces under a lease, where the production of the smaller was a necessary incident to the mining of the larger sizes, is the value of coal at the time and place at which it was taken, without allowance for the expense of mining.

5. SAME—"MARKET ROYALTY"—EXCLUSION OF EVIDENCE.
    It was not error, in an action for the conversion of coal by the lessee of a coal mine, to exclude testimony as to what was the fair "market royalty"