ABRAHAM VAN SICLEN, Appellant, Impleaded with Another, *v.* THE CITY OF NEW YORK, Respondent.

APPEAL — WHEN JUDGMENT OF MODIFICATION BY APPELLATE DIVISION, WHICH IS IN EFFECT A REVERSAL, SHOULD GRANT A NEW TRIAL. The Appellate Division has no power to modify a judgment of the Special Term, which awarded a separate item of damages to one of the plaintiffs, by striking out such award of damages, thus in effect reversing that part of the judgment, without granting a new trial as to such plaintiff, in a case where the facts may be changed upon a new trial, and this court will modify the judgment of the Appellate Division in that respect by granting a new trial only as to the plaintiff affected thereby, where that can be done without interfering with the rights of the other plaintiff.

*Van Siclen* v. *City of New York*, 64 App. Div. 437, modified.

(Argued October 27, 1902; decided November 25, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 16, 1901, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Harvey Field* for appellant.    It was error to reverse the judgment in favor of Abraham Van Siclen on the ground that he was not in possession of the property, and did not have the beneficial enjoyment thereof.   (*Kernochan* v. *N. Y. E. R. R. Co.*, 128 N. Y. 565.)

*George L. Rives, Corporation Counsel* (*James McKeen* of counsel), for respondent.

WERNER, J.   At the time of the trial of this action, and for a number of years prior thereto, the plaintiffs were the owners of separate tracts of improved farm lands situate on opposite sides of Lincoln avenue in that part of the borough of Queens in the city of New York which was formerly known as the village of Jamaica.   This action was brought to restrain the defendant from maintaining an alleged nuisance in Lincoln avenue in front of said premises, and to recover damages occasioned thereby.   The nuisance complained of was caused by an excavation made in Lincoln avenue for the purpose of repairing a defective sewer, and the negligence of the defendant's officers in permitting this excavation to remain open and obstruct the highway for the passage of teams to and from the plaintiff's lands.   At Special Term an injunction was granted, the plaintiff James Van Siclen was awarded the sum of $500.00 damages and the plaintiff Abraham Van Siclen was awarded the sum of $2,850.00 damages, with an additional allowance of costs to each.   The defendant appealed from that portion of the Special Term judgment which awarded money damages and an allowance of costs, and the Appellate Division modified the judgment by striking out so much thereof as awarded damages to the plaintiff Abraham Van Siclen, and as so modified affirmed it.   The order of the Appellate Division does not state whether this modification was upon the facts or the law.

The plaintiff Abraham Van Siclen is the only appellant here, and he challenges the correctness of the judgment of the Appellate Division so far as it affects him.   The decision of

the trial court was in the short form. It stated that the plaintiff Abraham Van Siclen was the owner of and resided upon one of the farms in question, conducting the business of market gardening thereon. As indicated in its opinion, the Appellate Division took a different view of the evidence upon this branch of the case, and concluded that Abraham Van Siclen did not occupy the particular portion of the farm owned by him affected by the nuisance, but that the same was occupied by his son, and, as the nuisance complained of was temporary in character, the damages caused thereby could not be recovered by Abraham Van Siclen, the reversioner, because they belonged to his son, the lessee. The law upon this question has so recently been settled in the case of *Bly* v. *Edison Electric Illuminating Co.* (172 N. Y. 1) that it need not be discussed here. The difficulty upon the present appeal lies in the form in which the case comes to us. The obvious effect of the so-called modification of the judgment herein by the Appellate Division was to reverse the judgment of the Special Term so far as it awarded damages to the plaintiff Abraham Van Siclen. The order of reversal is silent as to the grounds upon which it was made and must, therefore, be presumed to be based upon errors of law and not of fact. (Sec. 1338, Code Civ. Pro.) The record is in such condition that it is impossible to say that the plaintiff cannot succeed upon another trial and, therefore, in reversing the judgment of the Special Term as to the plaintiff Abraham Van Siclen the Appellate Division should have granted a new trial as to him. This could have been done without affecting the rights of the other parties to the action. (*Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542.)

The judgment of the Appellate Division should, therefore, be modified by directing that a new trial be had as between the plaintiff Abraham Van Siclen and the defendant and, as thus modified, the same is affirmed, with costs to abide the event.

GRAY, MARTIN and CULLEN, JJ., concur; O'BRIEN and VANN, JJ., not voting; PARKER, Ch. J., absent.

Judgment accordingly.