Gamaliel C. St. John, as Executor of and Trustee under the
    Will of Wallace C. Andrews, Deceased, Respondent, *v.*
    The Andrews Institute for Girls et al., Respondents,
    and Smithsonian Institution et al., Appellants.

1. Will — Action for Construction of Will, in Which Next of
Kin of Testator Are Parties Defendant — Nature of Judgment.
Where a testator devised and bequeathed his residuary estate, in trust, to
a charitable corporation which he directed to be formed after his death,
and, in an action brought by the executor of such will against the legatees
and next of kin of said testator, for a judicial construction of the will, the
Supreme Court decided that such gift was lawful and valid, and that the
next of kin were not entitled to the income of the trust fund which had

accumulated in the hands of the executor between the death of the testator and the organization of the corporation authorized to take and hold the same, and directed judgment that such accumulated income be paid to said corporation, such judgment is a several judgment, not a joint judgment.

2. SAME — WHEN INTEREST OF NEXT OF KIN IN SUCH JUDGMENT SEVERAL, NOT JOINT.   The fact that the issues, on which the case was decided, were common to all of the next of kin does not render the judgment against them a joint judgment.   The action was not brought, and could not have been brought, against the next of kin as a class, but each was a separate party in interest and was made a defendant that he might defend or assert his rights in his own behalf.   If the Supreme Court had decided by such judgment, as was afterwards held by the Court of Appeals, in reversing the judgment, that the next of kin were entitled to the accumulated income, there would have been awarded to the several next of kin their proportionate shares of such accumulated income, under the Statute of Distribution.   The interest of each of the next of kin therein was several, belonging solely to himself and subject to his unrestricted disposal without regard to the others.   The next of kin were not joint tenants, but tenants in common, and the action or litigation of one cannot conclude or affect the rights of the others and therefore the judgment against the interest of each was several.

3. SAME — NEXT OF KIN WHO DID NOT APPEAL FROM JUDGMENT CONSTRUING WILL CANNOT TAKE ADVANTAGE OF REVERSAL THEREOF ON APPEAL BY OTHERS.   Where, therefore, part of the next of kin appealed from such judgment to the Court of Appeals, which reversed it in part and directed that it be modified so as to give to the next of kin of testator the income of his residuary estate which had accumulated between the date of his death and the organization of the charitable corporation, which he directed to be formed, the next of kin who did not appeal from the judgment cannot take advantage of such reversal and modification, since a judgment in an action for the construction of a will does not differ in effect from judgments in other actions, and the rights of the non-appealing defendants must be determined by the same rules that apply to similar appeals from judgments generally, and, hence, by their failure to appeal, such defendants must be held to have acquiesced in the decision of the Supreme Court, erroneous though it was; and they are not entitled to partake in the division of said accumulated income, under the decision of the Court of Appeals, but the proportionate shares of such non-appealing next of kin, therein, must be paid to the charitable corporation, under the judgment of the Supreme Court.

(Submitted March 30, 1908; decided June 12, 1908.)

MOTION to amend remittitur.   (See 191 N. Y. 254.)

*Henry Wollman, Virgil P. Kline* and *James W. Hawes* for motion.

*Volney Rogers, Allen R. Campbell, Harold Nathan* and *Henry M. Earle* opposed.

Cullen, Ch. J. The question presented by this motion is whether certain of the next of kin of the testator who failed to appeal from the judgment of the Supreme Court, which declared that they had no right to any part of the estate of said testator, can take advantage of a reversal of said decree by this court made upon the appeal of certain other of the next of kin.

It may first be well to dispose of the notion or suggestion that a judgment in an action for the construction of a will differs in effect from judgments in other actions. The substance of the argument is that the action by the executors is for instructions and that there cannot be inconsistent instructions given by the court in the same action. The judgment of the Special Term, however, was not merely advisory but settled and declared the rights of the parties thereto among themselves. The right to maintain such an action is not confined to the executors, but may be exercised by any beneficiary under the will, though not by one claiming in hostility to it. (*Chipman* v. *Montgomery,* 63 N. Y. 221.) The qualification that the action cannot be brought by a party claiming in hostility to the will is, so far as relates to personalty and to proceedings in the Surrogate's Court, abrogated by section 2624 of the Code of Civil Procedure, which requires the surrogate on the application of any party to the proceeding to determine the validity, construction or effect of any disposition of personal property contained in the will. (See *Matter of Mount* 185 N. Y. 162.) In such actions or proceedings every party thereto may assert his claim or right and the judgment rendered is as conclusive on such right as it would be in any other litigation. The case of *Bryant* v. *Thompson* (128 N. Y. 426) is decisive of this question. There the beneficiaries under the will of the plaintiffs' testator were his widow and a daughter by a

former marriage, an infant at the time of the testator's decease. The will contained a clause forfeiting any provision in favor of a party who might contest the will. The will was contested by the special guardian of the infant. The action was brought by the executors against the infant and the widow, the residuary legatee, to determine whether the contest by the guardian forfeited the infant's legacy. The Special Term held it did not. The executors appealed to the General Term, where the judgment of the Special Term was affirmed. The executors then appealed to this court. The residuary legatee took no appeal from the judgment of the Special Term nor from that of the General Term. The appeal of the plaintiffs, executors, was dismissed by this court on the ground that the executors had no interest in the controversy and were not aggrieved by the judgments below. Judge O'Brien, writing for the court, said : " The plaintiffs clearly had the right to bring this action in order to obtain a judicial determination of the question as to which of the two claimants was entitled to the fund, and also to obtain the instructions of the court in regard to their duties under the will. They have obtained these instructions and this determination from the highest court of the state possessing original and general jurisdiction. * * * They had an interest and it was their duty to procure a judicial determination of the questions presented by the facts alleged, but no interest or duty in obtaining a decision according to some view of the law that they may have themselves entertained or have been advised by counsel. * * * The plaintiffs are not concerned in the slightest degree in any legal sense with the question whether the provision for the daughter be held for her or deemed revoked under the other clause and secured to the widow." The case cited also disposes of the suggestion that on appeal the executors represented in some way the non-appealing defendants or that they had some duty to secure a reversal in their favor. As a matter of fact the plaintiff in this case, the executor, did not appeal, and had he appealed, under the authority cited, his appeal would have been dismissed.

Therefore, the effect of the reversal of the judgment before us on the rights of the non-appealing defendants is to be determined by the same rules that apply to similar appeals from judgments generally. The rule is stated by Mr. Freeman in his work on Judgments (Vol. 2, sec. 481) : " Where a judgment is against two or more persons, one only of whom appeals, its reversal, if the judgment was binding upon the defendants jointly, or if all must co-operate in complying with the judgment, affects the parties who did not appeal to the same extent as those who did. (*Pittsburg, etc., Ry. Co.* v. *Reno,* 123 Ill. 273.) But if a defendant does not appeal, and is not made a party to the appeal by the service on him of notice thereof, an appeal by his co-defendant, followed by a reversal of the judgment, cannot authorize the retrial of the cause as against the non-appealing defendant, and the new trial must be confined to the issues between the parties to the appeal." (*Minturn* v. *Baylis,* 33 Cal. 129, 134 ; *Nichols* v. *Dunphy,* 58 Cal. 605 ; *Little* v. *Superior Court,* 74 Cal. 219 ; *Withers* v. *Jacks,* 79 Cal. 297.) So a joint judgment such as that rendered against partners or against joint obligors cannot be affirmed as to one defendant and reversed as to another, but must be reversed in its entirety except so far as the rule is modified by statute (1 Black on Judgments, § 211 *et seq.*), and this rule is applicable to a judgment in equity as well as to one in an action at law. (*Altman* v. *Hofeller,* 152 N. Y. 498.) But the question remains, and this is the only substantial question in the case, was the judgment rendered by the Special Term, and from which no appeal was taken by certain of the defendants, a joint judgment or a several judgment. For even in an action at law against several joint tort feasors the liability of the defendants being several, though in form a single judgment may be entered against them all, the judgment may be reversed on appeal as to one defendant and affirmed as to the other. (*Hubbell* v. *Meigs,* 50 N. Y. 480. See *McIntosh* v. *Ensign,* 28 N. Y. 169 ; *Bullis* v. *Montgomery,* 50 N. Y. 352.)

Up to this point I understand my brother Cʜᴀsᴇ and myself

to be in accord. Our difference is whether the judgment is a joint or a several judgment. Here I may dispose of the suggestion that the judgment is against a class. There is no authority for suing a class as such as distinguished from the individuals composing that class, except that given by section 448 of the Code of Civil Procedure, where the parties of a class are too numerous to render it practicable to join them all as parties to the action, one or more may be selected as representing the class. No such situation existed in the present case, nor was there any attempt to sue one defendant as representing the others, but each person in interest was made a party, that he might defend or assert his rights in person and on his own behalf. The argument of my brother seems to proceed on the theory that because the issues on which the case was disposed of at the Special Term were common to all the defendants, the next of kin, therefore, the judgment against them was necessarily joint. I think the question of the identity of issue between the several parties has no necessary bearing on the question whether the judgment is joint or several. The distinction between the interest in a question and interest in a particular judgment is well illustrated by the rule which disqualifies judges from hearing causes. A judge cannot sit in the hearing of an appeal from a judgment in an action in which he is interested or he is related to the parties within the specified degree, and the judgment rendered by a court in which such disqualified judge takes part is a nullity (*Oakley* v. *Aspinwall*, 3 N. Y. 547), but on the other hand interest of the judge in the question involved in the case has no effect on his qualification to sit and determine it. (*People* v. *Edmunds*, 15 Barb. 529.) Another illustration is the case of a judgment against two tort feasors. The issue on which the parties have been held liable may be identical and the ground on which the judgment has been reversed may be as fatal to the recovery against one defendant as against the other, yet, as already stated, a reversal against one will inure in no respect against the other. Such was the case of *Geraud*

v. *Stagg* (10 How. Pr. 369). The action was for libel against two defendants. From a judgment in favor of the plaintiff only one defendant appealed. The judgment was reversed on the ground that the plaintiff's own evidence did not show a cause of action. The order entered by the General Term of the Common Pleas reversed the judgment as to the appealing defendant only. A motion was thereupon made to amend the order so as to reverse the entire judgment. The motion was denied in an opinion written by an eminent judge, Woodruff, afterwards a judge of this court. What then does determine the question whether the judgment in this action was joint or several? Had the cause been determined at the Special Term in accordance with the view subsequently held by this court there would have been awarded to the several next of kin their proportionate shares under the Statute of Distribution of the rents and profits which accumulated between the death of the deceased and the incorporation of the defendant, the Andrews Institute, and such will be the nature of the judgment entered on the remittitur from this court. The interest of each of the next of kin in the accumulated rents was several, belonging solely to himself and subject at all times to assignment by him, to seizure through a court of equity by his creditors. The interest of the next of kin in undisposed of personalty in no way differs from the interest of the heirs at law in undisposed of realty. They are not joint tenants, but tenants in common, and the action or litigation of one cannot conclude or affect the rights of the others. In the share of each of the next of kin the others had no interest. (*Pelly* v. *Bowyer*, 7 Bush [Ky.] 513.) Therefore, the judgment against the interest of each was several. Had such judgment in the first instance been in favor of the next of kin and the Andrews Institute had appealed from it, we could have reversed that judgment only so far as it made the defendants parties to that appeal. (*McCammon* v. *Worrall*, 11 Paige Ch. 99; *Tate* v. *Liggat*, 2 Leigh, 84, 108; *Fasker* v. *Small*, 1 P. C. Cooper, 225. See, also, *South Portland Land Co.* v. *Munger*, 30 Ore. 457; *Todd* v. *Daniel*, 16

Peters, 521; *French* v. *Powers,* 177 Mass. 568.) Had it
seen fit to serve its notice of appeal solely on the four
defendants who have appealed to this court, the court could
not have reversed the judgment of the Special Term in favor
of the two defendants who were not made parties to the appeal.
I am at a loss to see why the principle must not necessarily
be the same in both cases. The great stumbling block in this
case seems to be the apparent, if not real, incongruity of the
result arrived at; that is to say, that a distribution will be
made in favor of four of a certain class of defendants, which
is denied to two others of the class, whose rights are exactly
the same. For this incongruity, however, this court is not
responsible. It is occasioned by the voluntary action of the
two non-appealing defendants themselves. They acquiesced
in the decision of the Special Term, erroneous though it was,
and it is that and that alone that causes the incongruity.
Nor is this incongruity an entire anomaly in the history of
litigation. A very marked instance may be found in the
litigation under the will of John Anderson. Some of the
heirs at law being dissatisfied with its testamentary disposition
instituted ejectment suits to test the validity of the will.
Thereupon the principal devisee brought an action in equity
against the heirs at law to establish the will and to restrain the
prosecution by them of actions at law to recover the real estate.
The Special Term granted an injunction as prayed for which
was reversed by the General Term of the Supreme Court.
This court affirmed the decision of the General Term, holding
that no such action could be maintained and that the devisee
must wait until his title was attacked in suits at law. (*Anderson*
v. *Anderson,* 112 N. Y. 104.) To that action one Carr, the hus-
band of a deceased daughter of the testator, and Mrs. Watson,
a granddaughter of said testator and a daughter of Carr, were
made parties. Pending that branch of the litigation, which
was decided by this court in the case referred to, the plaintiff
in the action settled with Mrs. Watson, and as a condition of
such settlement obtained the consent of the defendant Carr
to the entry against him of a judgment enjoining the prosecu-

tion of any suits. After this court had decided that the action could not be maintained Carr commenced a new action against the plaintiff in the equity suit claiming as tenant by the curtesy, whereupon proceedings were taken to punish his attorney for contempt in violating the injunction. The attorney was adjudged guilty of contempt at Special Term, the order was affirmed at the General Term (65 Hun, 179) and by this court (137 N. Y. 565). There could hardly be any greater inconsistency in judicial determinations than presented by the case cited. While as to the defendants who chose to litigate the question it was held that no such action could be maintained, the defendant who did not litigate it was punished for the violation of an injunction which, if he had litigated it, could not have been granted. Yet the issue which determined the case was exactly the same as to all the parties, the inability of the plaintiff to maintain the action. The incongruity proceeded not from the inconsistency of the decisions of the court, but from the voluntary action of the party. There can be no distinction in principle drawn between the acquiescence in a judgment evidenced by consent and that evidenced by a failure to appeal. The case of *Woodhaven J. Land Company* v. *Solly* (148 N. Y. 42) was to restrain the violation by the grantee under a deed and his tenant of certain covenants restricting the use of the premises. The judgments below were in favor of the defendants. On the merits the decisions below were upheld by this court, but there having been produced a consent on the part of the landlord to a reversal of the judgment, the judgments below were reversed as to him, but affirmed as to the tenant, though the sole ground on which the tenant was entitled to succeed was that the covenant was not binding on the landlord. Of this result Judge FINCH said : " We are not responsible for the reversal as to Solly (the landlord) which rests wholly upon his assent." So, in the case before us, we are not responsible for the divergence in result on the rights of the several next of kin, but that result is due solely to the acquiescence of certain of the parties by their failure to appeal. The decision

in the case cited also necessarily involved the proposition that the identity of the issue as to the defendants did not necessarily render the judgment against them joint.

There is nothing in the case of *Altman* v. *Hofeller* (*supra*) inconsistent with the views I have expressed. That was an action in equity by the sureties of an administrator against (with others) the guardian of one of the next of kin and the said next of kin, to settle the accounts of the administrator, and the judgment in the action declared that the administrator had fully paid over to the guardian the infant's share. On appeal the General Term reversed the judgment as to the infant, but affirmed it as to the other parties. It was held that the adjudication that the administrator had fully paid the guardian was conclusive on the infant, despite the reversal of the judgment as to him. In that case the judgment was necessarily an entirety, for the very money or property for which the infant sought to hold the sureties of the administrator was the same money or property which the judgment declared had been paid to the guardian. As already said, in the case before us the share of each of the next of kin was several and distinct from the shares of the others.

The motion should be granted.

CHASE, J. (dissenting). The appeal from a judgment of the Appellate Division affirming a judgment of the Special Term of the Supreme Court herein was recently heard in this court, and the opinion handed down with the decision is reported in 191 N. Y. 254.

Two of the next of kin of the testator who were made defendants in the action and appeared and answered at the Special Term did not appeal from the judgment entered therein.

This motion is made to amend the remittitur of this court so as to deny to said next of kin who did not appeal the right to partake in the division of the income upon the fund in the hands of the plaintiff which accrued between the time when the testator died and the organization of the Andrews Insti-

tute for Girls. It is made in behalf of said Andrews Institute for Girls to whom said income was directed to be paid by the judgment entered at the Special Term.

Where an appeal is taken by some one or more of the parties to an action aggrieved by the judgment therein it does not enable other parties to the action who have not appealed to be heard in opposition to the judgment in the appellate court. By failing to appeal the right to be heard is waived. (*Levy* v. *Schreyer*, 177 N. Y. 293 ; *Cherokee Nation* v. *Blackfeather*, 155 U. S. 218.) The appellants could discontinue the appeal without consulting the non-appealing parties and thus leave the judgment in full force and effect.

Although a person who has not appealed cannot be heard in the appellate court the judgment rendered on the appeal may inure to his benefit. Whether it will inure to his benefit depends upon the nature of the action and the form of the judgment. The question as to the power of the court to reverse a judgment in part and affirm in part frequently arises where all of the parties are before the court as appellants or respondents and their several interests are fully considered. This court in *City of Buffalo* v. *Delaware, Lackawanna & Western Railroad Co.* (176 N. Y. 308), discussing such question, say : " Where a judgment consists of distinct parts so separate and independent in form and nature as to be easily severed, and each is, in fact, a distinct adjudication, the Supreme Court may upon appeal affirm the adjudication not affected by error and reverse the adjudication which is affected by error and grant a new trial as to that portion of the issues only. This rule has frequently been stated as if it were confined to actions in equity to which indeed it mainly applies, because there are but few judgments except those rendered by courts of equity which consist of distinct and independent adjudications. We think the rule to be applied depends upon the form and nature of the judgment rendered rather than upon the forum of the action and the statute regulating appeals, which simply codifies the practice as it had long prevailed. * * * Thus, if in an action of

ejectment for separate parcels of land, each depending upon an independent chain of title, there is a verdict for the plaintiff as to one and for the defendant as to the other, and each party appeals from the separate adjudication against himself, we see no reason why it is not within the power of the court to affirm as to one and reverse as to the other.  *  *  *. Inconsistent judgments cannot arise from such a course, because the determination of the one controversy does not involve the other."

A judgment can be reversed as to one plaintiff or defendant and affirmed as to another when a separate award of damages is made to each and such disposition of the appeal can be had without materially affecting the rights of the parties. (*Van Siclen* v. *City of New York*, 172 N. Y. 504; *Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542; *Goodsell* v. *Western Union Tel. Co.*, 109 N. Y. 147.)

In *Altman* v. *Hofeller* (152 N. Y. 498) this court in considering the question of the power of the court to reverse the judgment in part and affirm in part, say : " The rule seems to be well settled that upon an appeal from a judgment which is entire and against several defendants, the appellate court must either totally affirm or reverse, both as to the recovery and as to all the parties.   But in cases where there are separate and distinct judgments, or where an error exists as to a separate claim or defense, which relates only to a transaction between the plaintiff and one of the defendants, the judgment may be reversed as to such a claim *or* defense, and only as to the parties interested therein, and affirmed as to the remainder.   These rules are not of recent origin.   They existed and were practically the same at common law, under the Revised Statutes, the Code of Procedure and the Code of Civil Procedure.   (Citing authorities.) "

In the same case this court further say : " Our attention, however, has been called to no authority which sustains the doctrine that where there is error which requires a reversal, the judgment can be properly reversed and a new trial granted as to some of the defendants and affirmed as to others, unless

in a case where their interests and the issues between them are so far separate that upon a new trial the issues between the plaintiff and the defendants as to which it is affirmed will not be involved or determined; so that there cannot be two different and inconsistent judgments upon the same issue in the action. The rule in this respect must, we think, be the same in a suit in equity as in an action at law. If the subject or issue as to which a new trial is granted is so far separate and distinct from the other issues in the case, is one in which the party in whose favor it is granted is alone interested so that any judgment that may be rendered upon it can in no way affect the other parties who are joined with him, then, doubtless, the court would be authorized to grant a new trial as to one and affirm as to the others. In such a case the only parties interested are the plaintiff and the defendants as to whom the new trial is granted. It is the same so far as that issue is concerned as it would have been if there were no other parties to the suit. But when a new trial is granted as to an issue that affects all the parties, and when all are interested in any judgment that may be rendered thereon, it should be either entirely reversed or affirmed as to all the parties. In such a case the court has no authority to reverse and grant a new trial as to part and affirm as to the others. Any other rule would result in conflicting judgments in the same action, affecting the same parties, and would produce a degree of confusion and uncertainty that would render the proper and orderly administration of the law quite impossible."

The rules applicable to cases where some of the parties to an action appeal from the judgment rendered therein and some of the parties similarly affected by the judgment fail to appeal are not unlike those that we have quoted in cases where an appeal has been taken by all of the parties to the action and the question is involved as to the power of the court to reverse the judgment as to some of the parties and affirm as to others.

A judgment can be reversed as to an appealing party and left to stand against a non-appealing party when such judg-

ment is in separate and distinct parts or in a case where the action could have been severed. ( *Van Siclen* v. *City of New York, supra ; Levy* v. *Schreyer, supra ; Belden* v. *Andrews,* 14 App. Div. 630.)

The courts do not overlook the controlling force and effect of a judgment as against a person who has not appealed therefrom when by reversing it as against an appealing party it is necessary because of the entirety of the judgment to reverse as to all the parties to it.

Where the defendants are partners or interested in a joint venture a reversal of a judgment on an appeal by one necessitates a reversal as to the other. (*Boice* v. *Jones,* 106 App. Div. 547.)

In an action in equity brought by a creditor in behalf of himself and other creditors to enforce the statutory liabilities of directors of a corporation it was held that a reversal of an interlocutory judgment on an appeal by some of the defendants inured to the benefit of all of the defendants since the action could not have been severed in the trial court. (*Bauer* v. *Hawes,* 115 App. Div. 492.)

It is the general rule that only the rights of parties before the court can be adjudicated on appeal, and the rights of persons who are not parties to the appeal cannot ordinarily be considered. But where the parties appealing and those not appealing stand upon the same ground and their rights are involved in the same question and equally affected by the same decree or judgment the court will consider the whole case and settle the rights of all the parties.  (3 Cyc. 411.)

It is provided by section 1205 of the Code of Civil Procedure as follows: " Where the action is against two or more defendants, and a several judgment is proper, the court may, in its discretion, render judgment, or require the plaintiff to take judgment, against one or more of the defendants ; and direct that the action be severed, and proceed against the others, as the only defendants therein."

In a case where the court at the trial or Special Term has power to sever the action as between the parties thereto and

subsequently after judgment some of the parties appeal therefrom and others fail to appeal, the appeal in behalf of some of such parties will not inure to the benefit of the non-appealing parties, but where the parties to an action are necessarily joined by reason of some contractual or other relation, or by virtue of some statute, or because they constitute a class, and the action could not have been severed at the trial or Special Term the appeal in behalf of some one or more of such parties and a reversal of the judgment as to them, will result in a reversal as to all.

This action was brought by the plaintiff as executor and trustee for the construction of the will of the testator and for the instructions of the court. In his complaint the plaintiff alleges:

"That as to his duty in the execution of the trusts and obligations imposed upon him by said will of said Wallace C. Andrews, deceased, he is advised by his legal counsel and believes that various questions and doubts have arisen as to the construction thereof, and the validity of certain provisions therein by reason of which plaintiff cannot safely proceed to pay over the residue of said estate without the instruction and judgment of this court, and by this action he desires to submit said questions and doubts to the determination of this court and himself to its directions concerning the same. Among which questions and doubts are the following * * * Whether the heirs at law or next of kin of said testator are entitled to any portion of his estate."

Although the judgment of the Special Term was satisfactory to the plaintiff and he did not appeal therefrom the purpose of the action remained and the decision of this court is a construction of the will in a matter relating to the next of kin as a class. No construction of the will could have been had upon the pleadings or at the Special Term that would have given to some of the next of kin an interest in the testator's estate, or of the income thereon and deprived others of the next of kin therefrom.

If this court had directed a new trial of the action it would, under the authority of *Altman* v. *Hofeller* (*supra*), have been

directed as against all of the next of kin. The fact that a new trial was not ordered does not, it seems to us, affect the determination of the question now before us. If the modification of the judgment directed by us does not apply to all of the next of kin it will result in inconsistent judgments upon the same issue and the court will instruct the plaintiff as executor and trustee to distribute the income of the estate for the time mentioned to a part of a class and withhold the shares from the others of said class, not pursuant to any possible construction of the will or in accordance with the judgment of the court based upon the duty of the executor and trustee, but pursuant to the claimed rights of the parties growing out of the practice in connection with the appeal. The appeal taken from the judgment was general and no question relating to the identity of the next of kin is involved.

I am of the opinion that the reversal of the judgment in part, as stated in the opinion previously filed herein, inures to the benefit of the next of kin as a class. The motion should be denied, with ten dollars costs.

Motion to recall and amend remittitur granted, and remittitur amended so as to read as follows : " Order and adjudge that the judgments of the Appellate Division and Special Term of the Supreme Court appealed from herein be and the same hereby are modified so as to award to each of the next of kin of the deceased who have appealed from the judgment of the Special Term herein and from the judgment of the Appellate Division herein affirming said judgment of the Special Term, his proportionate share of the income from the rest and residue of the estate from the date of the death of the testator to the date of the incorporation of the Andrews Institute, and as modified affirmed as to the parties to this appeal, with costs to all the parties appearing in this court and filing briefs, payable out of the principal fund."

WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur with CULLEN, Ch. J ; GRAY and HAIGHT, JJ., concur with CHASE, J.

Ordered accordingly.