### SCHULTZ v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

APPEAL AND ERROR (§ 1232*)—UNDERTAKING ON APPEAL—LIABILITY.

> An action for false arrest was brought against two defendants, who answered separately by separate attorneys, and judgment recovered against both defendants, who appealed to the Supreme Court and gave an undertaking on appeal. The judgment was affirmed by the Supreme Court, whereupon one of the defendants appealed to the Court of Appeals, where the Supreme Court judgment was reversed and a new trial granted. *Held*, that the judgment, as against the defendant who did not appeal to the Court of Appeals from the judgment entered upon the affirmance, remained affirmed, and hence the condition of the undertaking was met, resulting in a liability thereon.
>
> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4757; Dec. Dig. § 1232.*]

Appeal from Trial Term, Kings County.

Action by Mary A. Schultz against the United States Fidelity & Guaranty Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

John G. Milburn (Edmund L. Baylies, on the brief), for appellant. James C. Cropsey, for respondent.

JENKS, J. The action is on an undertaking on appeal executed by the defendant in an action by this plaintiff against the Greenwood Cemetery and Smith for a false arrest and a malicious prosecution. In that action the said defendants answered separately by separate attorneys, and judgment was recovered for $4,000 against both defendants, who thereupon appealed to this court and gave the undertaking in question. The judgment was affirmed unanimously by us. The defendant the Greenwood Cemetery moved for leave to appeal to the Court of Appeals, which was denied; but a judge of that court allowed that defendant to appeal, and such appeal was taken. Thereafter the judgment of the Supreme Court appealed from was reversed, and a new trial was granted. The plaintiff has recovered in this action upon the theory that the judgment as against Smith, who did not appeal from the judgment entered upon an affirmance and who was not a party to the appeal therefrom, remains affirmed, and so there has been a breach of the said undertaking.

I think that this judgment must be affirmed. If in the action against the two joint tort-feasors the liability was several, as was said by Cullen, C. J., in St. John v. Andrews Institute, 192 N. Y. 383, 85 N. E. 143:

"Though in form a single judgment may be entered against them all, the judgment may be reversed on appeal as to one defendant and affirmed as to the other. Hubbell v. Meigs, 50 N. Y. 480. See McIntosh v. Ensign, 28 N. Y. 169; Bullis v. Montgomery, 50 N. Y. 352."

See, too, Geraud v. Stagg, 10 How. Prac. 369, cited in St. John v. Andrews Institute, supra; Wilson v. Moore, 26 N. J. Law, 458.

In the last case cited, the court, per Haines, J., say:

"And in an action of tort against several, where one defendant may be found guilty, and another acquitted, the judgment cannot, in the same sense, be said to be entire. One may have judgment in his favor, and another against him. And if the defendant in such action appeal, and is permitted to prosecute alone, it is sufficient for the appellee to make out a cause of action against him. If he fail, the judgment, as to that defendant, is rendered against the plaintiff; but the judgment against the others remains in full force. The party, by omitting to appeal, or to prosecute the appeal taken by a codefendant, submits to the judgment, and is bound by it. He is not affected by the proceedings in the appellate court. Further than the delay of execution consequent on such proceeding, he is not benefited nor injured. If he is to be affected by the appeal, he must take the burthen as well as the benefit. If he is to gain by a reversal, he is liable to be charged with an increase of the judgment. But it cannot be that one is to be prejudiced by a proceeding in which he is not a party, nor to be subjected to the increase of a judgment of which neither he nor his adversary complained."

The learned counsel for the appellant contends that, as the ground for the recovery, so far as Smith was concerned, was respondeat superior, the judgment necessarily was a unit, and hence could not be affirmed or reversed in part. The defendant Smith was not a mere servant of the defendant corporation. He pleaded that he was a member of the New York police force detailed specially for service in the defendant cemetery, charged to prevent crime and arrest those in the commission of crime, and that his act was in the course of his official duty. His status was proved upon the trial, and in the case in the Court of Appeals the court, per O'Brien, J., say:

"Code Cr. Proc. § 177, provides that a policeman or other peace officer may. without a warrant, arrest a person for a crime committed or attempted in his presence. I have no doubt that the power to arrest in such cases implies a duty to do so; but it is very clear that such duty was imposed upon this policeman on the occasion in question by the very law upon which he was appointed. Greater New York Charter, §§ 308, 315."

See, too, Woodhull v. Mayor, 150 N. Y. 450, 44 N. E. 1038; Samuel v. Wanamaker, 107 App. Div. 433, 95 N. Y. Supp. 270.

Smith, when asked at the trial why he did not arrest the plaintiff "right away," answered:

"It is not our business, as policemen, to arrest them right away. Just as they finish what they are doing, or going to do, then arrest them. Q. Do you mean that is your instructions? A. Yes, sir. Q. The instructions from Greenwood Cemetery? A. No; they don't give us any instructions to do at all."

He then said that he did not suppose anybody ever told him. He did not mean instructed.

In St. John v. Andrews Institute, supra, the learned Chief Judge also says:

"Another illustration is the case of a judgment against two tort-feasors. The issue on which the parties have been held liable may be identical, and the ground on which the judgment has been reversed may be as fatal to the recovery against one defendant as against the other, yet, as already stated, a reversal against one will inure in no respect against the other."

The undertaking reads as follows:

"Now, therefore, the United States Fidelity & Guaranty Company, having an office and usual place of business at No. 66 Liberty street, in the city of New York, does hereby, pursuant to the statute in such case made and provided, undertake that the appellants will pay all costs and damages which may be awarded against the appellants on said appeal, not exceeding $500, and does also undertake that if the judgment so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellants will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it is affirmed.

"Dated New York, April 1, 1905."

The appellant insists that the conditions of liability never happened. I think that the point is not well taken. Seacord v. Morgan, *42 N. Y. 636, cited in Goodwin v. Bunzl, 102 N. Y. 227, 63 N. E. 399; Goodwin v. Bunzl, 50 N. Y. Super. Ct. 441, affirmed 102 N. Y. 224, 6 N. E. 399; Stearns on Law of Suretyship, citing, inter alia, Alber v. Froehlich, 39 Ohio St. 245; Vandyke v. Weil, 18 Wis. 279; Ives v. Hulce, 17 Ill. App. 35.

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs. All concur.