CHIARELLO BROS. CO. et al. v. PEDERSEN.

(Circuit Court of Appeals, Second Circuit. April 10, 1917.)

No. 235.

1. SHIPPING ☞86(2)—INJURIES IN LOADING—PARTIES LIABLE—EVIDENCE.

In an action by an employé of a derrick and wrecking company, which was hoisting lumber by means of a steam derrick from a pier to a lighter, for injuries sustained when the lighter capsized, a letter written by one of the defendants to the lumber company, confirming an understanding as to doing the stevedoring of the lumber company's ships, was improperly admitted to show that such defendant was engaged in the loading of the lumber, where it appeared that on the occasion of the injury the lumber company was doing its own stevedoring by means of plaintiff's employer, as the letter was only a general offer to do stevedoring.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 356, 357.]

2. EVIDENCE ☞215(3)—ADMISSIBILITY—LETTERS.

A letter from such defendant to the lumber company, requesting an opportunity to do all of the lumber company's stevedoring. and lighterage, was properly admitted for the sole purpose of showing that such defendant was engaged in both stevedoring and lightering.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 756, 757.]

3. APPEAL AND ERROR ☞1056(2)—PRINCIPAL AND AGENT ☞159(2)—LIABILITY OF AGENT—HARMLESS ERROR.

Where the vice president of a company operating a lighter upon which lumber was being loaded, over the protest of the master of the lighter, who objected that it would be unsafe to take any more lumber, ordered him to take it, and the lighter was capsized by a large package of lumber hoisted aboard, such company was liable for an injury to an employé of another company, even though the lighter belonged to a third party, and it was operating it as agent for her, and the exclusion of evidence to show that it was only an agent was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4188; Principal and Agent, Cent. Dig. §§ 606-612.]

4. APPEAL AND ERROR ☞1173(1)—REVERSAL AS TO ONE OR MORE COPARTIES.

Where defendants were charged severally, judgment may be affirmed as to those properly held liable, and reversed as to any not properly held.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562-4567, 4569, 4656.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Harry Pedersen against the Chiarello Brothers Company and others. Judgment for plaintiff, and defendants bring error. Affirmed in part, and reversed and new trial directed in part.

A. H. Stephens, of New York City (E. Clyde Sherwood and Robert B. Cumming, both of New York City, of counsel), for plaintiff in error Chiarello Bros. Co.

Kelly & Hewitt, of New York City, for plaintiff in error Long Leaf Pine Co., Inc.

E. J. McCrossin, of New York City (Vine H. Smith, of New York City, of counsel), for defendant in error.

Before COXE, WARD, and HOUGH, Circuit Judges.

WARD, Circuit Judge. October 26, 1915, the Merritt & Chapman Derrick & Wrecking Company, employed by the Long Leaf Pine Company, Incorporated, were engaged in hoisting packages of lumber belonging to the lumber company by means of their steam derrick Congress from a pier to the lighter, Only Sister, lying alongside the derrick. After three tiers of lumber had been loaded, the fourth tier was started by hoisting aboard a very large package, which caused the lighter to capsize, throwing the cargo and one Pedersen, an employé of the Merritt Company, who was working on the lighter, overboard, causing him most serious injuries. Pedersen brought this action to recover damages against the Long Leaf Pine Company, Chiarello Bros. Company and Dick Chiarello & Bros., Incorporated. The jury rendered a verdict in favor of the plaintiff for $15,000 against the three defendants as equally liable, and each defendant has sued out a separate writ of error.

[1] To show that Dick Chiarello & Bros., Incorporated, were engaged in the loading, the plaintiff offered in evidence the following letter, which the court admitted over the objection and exception of that company. It is as follows:

"Dick Chiarello & Brothers, Inc., General Stevedores.
"New York, Sept. 8, 1915.
"Long Leaf Lumber Co., 8 West 40th St., New York City—Gentlemen: Confirming our understanding with you for the stevedoring of your ship or ships, our charge will be one (1) dollar per M ft. of lumber, daytime. You are to supply all steam and power, and men necessary to run same, for the hoisting of your lumber out of the ship and onto deck, and moved to place where needed, and onto lighters when necessary. No lumber is to be shifted by hand. We are to furnish all the necessary men on board ship, on dock, and on lighters. All of our men are insured, and are also under the Workmen's Compensation Commission of the state of New York. Trusting that we may be favored with this business, and awaiting a favorable reply, we are
"Yours very truly, Dick Chiarello & Bros., Inc.,
"Dick Chiarello, Pres."

We think this was error. The letter was a general offer to do stevedoring, whereas the Long Leaf Pine Company was doing its own stevedoring on this occasion by means of the Merritt & Chapman Company, and all that either of the Chiarello companies could have done was the lightering; that is, the transportation of the lumber to destination after it was loaded on the lighter.

[2] The plaintiff also offered in evidence another letter, dated March 26, 1915, from Dick Chiarello & Bros., Incorporated, to the Long Leaf Pine Company, requesting an opportunity to do all that company's stevedoring and lighterage, which was admitted over the objection and exceptions of that company, for the sole purpose of showing that Dick Chiarello & Bros., Incorporated, was engaged in both stevedoring and lightering. We see no error in this. The proof is clear that the lighter Only Sister was being operated by Chiarello Bros. Company, which was doing nothing but lighterage on this occasion.

[3] Samsen, the master of the lighter, objected to taking any more lumber after the three tiers had gone aboard, on the ground that it

would be unsafe to do so; but Wild, an employé of the Long Leaf Pine Company, insisted that a fourth tier should be carried, and Gus. Chiarello, who was vice president of Chiarello Bros. Company, ordered the master to take it, which he did under protest.

Chiarello Bros. Company offered proof that the lighter belonged to Mrs. Ottavano and that they were only operating it as agents for her. The court excluded a great deal of this evidence, but we think Chiarello Bros. Company were not prejudiced thereby, because they would be liable to the plaintiff, even if they were only agents, for requiring the master of the lighter to do a dangerous thing which caused the plaintiff injury.

The Long Leaf Pine Company claims that its clerk, Wild, was on the ground only to select the particular packages of lumber to go aboard the lighter, and that any orders which he gave to her master as to the loading were beyond the scope of his employment. The court rightly found that there was evidence to the contrary sufficient to submit the question to the jury. The court instructed the jury that they were to find whether the plaintiff's injuries were caused by negligence, and, if they were, then by the negligence of which of the defendants. The jury found each defendant liable.

[4] We think there was no evidence to show that Dick Chiarello & Bros., Incorporated, had anything whatever to do with the transaction, and that a verdict should have been directed for it, but that there was sufficient evidence to sustain the verdict against the other two defendants. Inasmuch as the defendants were charged severally, the judgment may be affirmed as to those properly held liable, and reversed as to any not properly held. Bullis v. Montgomery, 50 N. Y. 352; St. John v. Andrews Inst., 192 N. Y. 382, 386, 85 N. E. 143.

The judgment is affirmed as to the Long Leaf Pine Company and Chiarello Bros. Company, with costs, but reversed as to Dick Chiarello Bros., Incorporated, with costs, and a new trial directed as to it.